GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY CO. v. SIMON PENDLETON.

Decided November 19, 1902.

**1.—Railroads—Dangerous Rate of Speed—Evidence and Charge.**

Evidence in an action by a railroad employe for personal injuries, considered and held sufficient to warrant a charge upon the theory that the car which struck and injured plaintiff at night, and which had been "kicked" in switching, was being run at a dangerous rate of speed under the circumstances.

**2.—Contributory Negligence—Proximate Cause.**

A charge that if plaintiff failed to use ordinary care, and such failure was negligence which proximately contributed to his injury, he could not recover, was not error because it required that the contributory negligence should have proximately contributed to the injury, and whether it did proximately so contribute was a question of fact for the jury.

**3.—Railroads—Injury to Employe—Evidence.**

Evidence held not to warrant a peremptory instruction for the defendant railway company in an action by an employe who, while at work at night on cars standing on a side track near where switching was customarily done, was injured by reason of another car being switched, or "kicked," onto that track at a high rate of speed and without any light or lookout thereon.

**4.—Same—Assumed Risk—Flying Switches—Knowledge of Custom.**

Although plaintiff may have been in defendant's employ in its yards there for five or six months, and the switching was then being done in the customary manner, he could not be held to have assumed the risk unless he knew of the custom of propelling the cars without light or lookout at the rate of speed of the one that struck him.

**5.—Same—Prospect of Promotion—Charge Without Evidence.**

The court properly refused to charge that the jury should not take into consideration any probability of plaintiff's promotion had he remained in the service and not been hurt, where there was no evidence to warrant it.

**6.—Practice on Appeal—Presumption—Improper Argument—Bill of Exceptions Necessary.**

Where alleged improper argument is the subject of a requested charge, the appellate court will presume in favor of the trial court's action in refusing the charge that no such argument was made, and if there was no such argument, then there could have been no error in the court's refusal to allow and sign an alleged bill of exceptions in relation thereto.

Appeal from the District Court of Bexar County.  Tried below before Hon. J. L. Camp.

*Baker, Botts, Baker & Lovett* and *Newton & Ward,* for appellant.

*H. C. Carter* and *Perry J. Lewis,* for appellee.

NEILL, Associate Justice.—This suit was brought by appellee against appellant to recover damages for personal injuries alleged to have been caused by the negligence of the latter.

The negligence alleged is, in substance, that on the 19th of April, 1901, while plaintiff was in the service of defendant, engaged in the duties of his employment in watering cars of a passenger train from a hydrant located between and in close proximity to the railroad track on which the cars were standing and an adjoining parallel track, defend-. ant negligently kicked a coal car onto the last mentioned track at a dangerous and excessive rate of speed, without giving warning ·of its approach, or having a light or anyone thereon to keep a lookout or check its speed; and that appellee, without knowledge or warning of the rapidly approaching car, while stooping over the hydrant to shut off the water and uncouple the hose, while in the exercise of ordinary care for his safety, was struck, knocked down and run over by said car, whereby he sustained serious and permanent physical injuries.

The appellant answered by general and special exceptions, a general denial, and by a special plea of assumed risk and contributory negligence. In the special plea it is alleged that if appellee were struck by a car, it was in appellant's yard where he had been a long time employed, and where it was customary to switch cars in the same manner that the one was which struck him, which custom was known to appellee, and that his injuries were from a risk assumed by his employment; that appellee was not engaged in performing any service which required him to be near enough to the track to be struck by a car running along it, but that he carelessly and negligently, and without knowledge of appellant's employes in switching ·the car, without looking to see whether it was being moved, placed himself in a position to be struck by it; and that such negligence was the cause of his injuries.

The trial of the case was before a jury, which resulted in a verdict and judgment against appellant for $11,000, from which it has appealed to this court.

*Conclusions of Fact.*—The evidence is reasonably sufficient to prove all the allegations in appellee's petition contained in our statement of the case. As a specific finding of the facts would merely be a repetition of such allegations, it is unnecessary to set them out in these conclusions. We will, however, refer to and quote much of the evidence when we come to consider the assignments of error. The accident which caused appellee's injuries did not result from a risk assumed by him as ordinarily incident to his employment, nor from any negligence on his part contributing thereto, but appellant's negligence, as alleged, was the sole and proximate cause of appellee's injuries.

*Conclusions of Law.*—1. The first paragraph of the general charge is: "If you find from the evidence that on or about the 19th day of April, 1901, the plaintiff, while in the employ of defendant company,

was engaged in the performance of his duty in the work of watering a train of passenger coaches, and that while he was stooping over a water hydrant in the performance of his duty, he was struck by a moving coal car on the track of defendant known as Davis No. 2, and that he was thereby injured as alleged in his petition, and you further find that said car was kicked and propelled upon said track at a high and dangerous rate of speed under the circumstances, and that there was no warning nor notice given to plaintiff of the approach of said car, and that in so kicking and propelling said car at said time and place, if you find it was so kicked and propelled, defendant company was guilty of negligence, and that such negligence, if any, was the proximate cause of plaintiff's injury, if any, and if you further find that plaintiff was not guilty of any negligence which either caused or contributed to his injury, if any, and that plaintiff's injuries, if any, did not result from the risks ordinarily incident to his employment, then you will find for appellant." It is complained of as error upon the ground that there was no evidence that the rate of speed at which the car was kicked and propelled was high and dangerous under the circumstances. We can not accede to this proposition. The foreman of appellant's switching gang, who was present during the work, testified: "I should judge that the car at the time it reached the place where plaintiff was, was going about eight miles an hour." He was appellant's own witness. Another witness, who was working with appellee, about five or six feet from him, and who barely escaped being run over himself, testified: "At the time I saw the car and when it struck the plaintiff it was moving at a speed of about from five to six miles per hour, as near as I can judge." Appellee testified: "I should think that car was running about seven or eight miles an hour, going down grade." None of the witnesses testified that it was going at a less speed than five miles an hour. A number of appellant's servants were working near appellee when the accident occurred; it was a very dark night; the train of passenger cars was between where the men were at work and the depot, and obstructed the light therefrom; the cars were not lighted; the headlight of the engine of the train threw no light where they were; there was no light on the coal car, nor anyone on it to keep a lookout or give warning of its approach. In view of these facts, when it is shown that the car knocked down and run over two men, killing one and severely and permanently injuring the other, we think that it can not be successfully contended that "there was absolutely no evidence before the jury that the rate of speed at which the car was kicked and propelled upon the track was high and dangerous under the circumstances."

2. This paragraph of the main charge,—"You are further charged that the defendant company is not an insurer of the safety of its employes, but is only bound to use ordinary care to protect them from injury, and you are further instructed that it was the duty of plaintiff, while working in the yards of defendant company, to use ordinary care

to avoid injury to himself while the cars of defendant were being oper-
ated upon its tracks in said yard, and if you find from the testimony
that plaintiff failed to use such care, and that such failure, if any, was
negligence, and that such negligence, if any, proximately contributed to
plaintiff's injury, if any, then plaintiff can not recover, although you
may believe defendant's agents and employes operating said car were also
guilty of negligence in causing plaintiff's injury, if any,"—is assigned
as error, for the reason that before the jury could find for defendant on
the ground of contributory negligence of the plaintiff, they were re-
quired to find that such contributory negligence proximately contributed
to his injury; whereas if his negligence in any manner contributed to
his injury, it defeated his (plaintiff's) right of recovery, and under the
peculiar facts and circumstances of this case the qualifying words "proxi-
mately contributed to plaintiff's injury" were misleading and confusing
to the jury.

The charge complained of announces a correct principle of law, which
we think applicable to this case. The same element of proximate cause
enters into and is essential to contributory negligence as to the negli-
gence which is, in the absence of the defense of contributory negligence,
actionable. To make want of ordinary care on the part of plaintiff a
defense to a claim of damages based upon defendant's actionable negli-
gence, it must appear that there was such a relation between plaintiff's
fault and the injury that such injury was a natural and probable result
thereof, and that the accident and consequent injury to the plaintiff
might naturally and reasonably have been expected under the circum-
stances. Railway v. Culpepper, 19 Texas Civ. App., 182, 46 S. W. Rep.,
922; Railway v. Moore, 28 Texas Civ. App., 603, 68 S. W. Rep., 561;
Mauch v. City of Hartford, 112 Wis., 40, 87 N. W. Rep., 816.

The question as to whether the neglience of the plaintiff proximately
contributed to his injury is as much a question of fact for the jury as
the one of neglience itself. And unless the evidence shows it, though
it may be sufficient to show negligence on the part of the plaintiff, there
is a complete failure of the defense of contributory negligence. "In
its legal signification, contributory negligence is such an act or omission
on the part of plaintiff, amounting to the want of ordinary care, which,
concurring with some act of the defendant, is a proximate cause of the
injury complained of." Railway v. Henning, 39 S. W. Rep., 302. To
have withdrawn the question of whether the negligence of plaintiff, if
any, proximately contributed to his injury would have been error, if a
jury, from all the facts and circumstances, could have found that the
negligence of plaintiff, if any were shown, did not proximately contri-
bute to his injuries. It appears from the evidence in this case that the
duties of appellee's employment required him to be at the place and in
the position he was when struck by the car. If this be so, if he could
be found guilty of negligence it must have been from his failure to look
and listen for the approaching car, and whether such failure was negli-
gence, and if it were, whether it proximately contributed to his injury,

were questions of fact for the jury. There is no affirmative error in the charge; it merely failed to withdraw a fact from the jury which appellant claims was established as a matter of law. If appellant deemed that the evidence was such as warranted its withdrawal, as an issue of fact, from the jury, it should have, by a special charge, requested the court to do so. Having failed to do this, the main charge being a correct enunciation of the law, it is in no attitude to complain.

What we have said disposes of appellant's third assignment, which presents the same question raised by this one.

3. Under the fourth assignment of error, which complains of the refusal of the court to peremptorily instruct the jury at appellant's request to return a verdict for defendant, appellant contends (1) that the cars were being switched in the usual and customary manner; that appellee knew this fact, and therefore, as a matter of law, assumed the risk; and (2) that appellee failed to keep a reasonable lookout for the car, and if he had done so he would have seen and heard it in time to have prevented being hurt, and therefore he was guilty of contributory negligence, as a matter of law.

While the testimony shows that appellant knew the yards were used for switching cars and that the switching was done off and on during day and night, it does not conclusively show either that it was customary to make flying switches in the part of the yard where appellee was at work, without having a light or some one on them, at a speed of eight miles an hour, or, if it were the custom, the appellee knew it. The appellee's testimony clearly shows that he did not know that the cars were being switched or to be switched at the time; that he did not see the car nor hear it coming. He testified that "when a passenger train is on the second track they are not supposed to make flying switches and kick cars on the adjoining track while men are at work on passenger coaches, unless we are notified that a car is coming down there. They are not supposed to do it unless we are notified." The foreman of the switch crew, J. B. Baldwin, testified, as has been stated, that when the car was kicked loose it was going at a speed of about eight miles an hour. Appellant's witness Graves testified that usually they did not kick cars at a greater rate of speed than four miles an hour. W. J. Miller testified that it was not usual and customary to kick cars at this place without a light or lookout at a speed of eight miles an hour. This testimony, together with the evidence recited by us in considering other assignments, demonstrates that appellant's propositions under this assignment can not be maintained.

4. Appellant assigns as error the failure of the court to give at the request of its counsel the following special charge: "If you believe from the evidence that plaintiff, at the time of the alleged accident and injury to himself, had been in the employ of defendant in its yards at San Antonio for five or six months, and you further believe from the evidence that plaintiff, while engaged in his duties, was struck by a car which was being switched by defendant's servants on the track called

Davis switch No. 2, and if you further believe from the evidence that said car was so being switched in the usual and customary manner, then it was not only the duty of plaintiff to look out for his own safety, but he assumed all risk of danger from the manner in which said car was being switched, and in such case you will find a verdict in favor of defendant." It will be observed that this charge does not submit the question of appellee's knowledge of the usual and customary manner exercised by appellant in switching its cars. The custom could not affect appellee's rights unless he knew of its existence, or was chargeable with notice of it. Railway v. Hinzie, 82 Texas, 628. A proper instruction would have been that if it was the custom of appellant to make a flying switch with a car on a dark night, when its employes were at work on or near the track over which it was propelled, at the rate of speed of this one, without warning or having a light or lookout upon it, and if plaintiff knew such custom, and if an ordinarily prudent person would under such circumstances have known that it was dangerous to operate the car in that manner, he could not recover. Railway v. Harriett, 80 Texas, 83. Under the charge requested the jury would have been required to return a verdict for defendant regardless of appellee's knowledge of the custom or of the danger. The charge in our opinion was properly refused.

5. Appellant's sixth assignment of error complains of the court's refusal to give a special charge instructing the jury "that they should not take into consideration any probability of plaintiff's promotion, had he remained in the service of the railway and had not been hurt, because such a fact is not a proper element of damages." The charge was properly refused because there is no evidence in the record to warrant it.

6. Appllant's seventh and eighth assignments complain of the court's refusal to instruct the jury at the request of its counsel to disregard certain parts of the argument of appellee's counsel which are claimed to be set out in the requested charges. There is nothing in the record to indicate that appellee's counsel used in his argument any such language as is embodied in the charges. If an improper argument were the subject of a charge, it would be our duty to presume, in favor of the action of the court in refusing the charges, that no such argument was made, which we must do in this instance. If no such argument was made, there was nothing to which the bills of exceptions, which appellant claims in its ninth and tenth assignments should have been made out and signed by the court, could relate. Therefore, we can not say that the court was remiss in any duty devolving on it.

The verdict of the jury is not excessive, and is, in our opinion, fully sustained by the evidence in every respect.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.