[Civ. No. 3093.   Second Appellate District, Division One.—May 5, 1920.]

## J. C. WILKINSON, Respondent, v. RALPH G. ROHRER et al., Appellants.

[1] NEGLIGENCE — AUTOMOBILE COLLISION — VIOLATION OF MOTOR VE-
HICLE ACT—EFFICIENT CAUSE OF ACCIDENT.—In an action to re-
cover compensation for damage to plaintiff's automobile as the re-
sult of a collision between it and that of defendants, the act of
the plaintiff in "cutting the corner" in turning into an intersect-
ing street, in violation of the provisions of the Motor Vehicle
Act, will not bar his recovery, unless it is made to appear that
such negligence was a part of the efficient cause of the collision.

APPEAL from a judgment of the Superior Court of San
Diego County.   E. A. Luce, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Shreve & Shreve and Ralph F. Twombly for Appellants.

Heskett & Sample for Respondent.

SHAW, J.—In a collision between the automobile of
plaintiff and that of defendants, the car of the former was
damaged, for the recovery of which he brought this action
and obtained a judgment for $299, from which defendants
have appealed.

Among other defenses interposed by defendants was that
of contributory negligence of plaintiff, as to which the court
made an adverse finding, and the sole ground here urged for
a reversal is that this finding is not supported by the
evidence.

[1]   It appears from the evidence that plaintiff was driv-
ing his car east on Bush Street, in the city of San Diego,
and, upon arriving at the intersection of Goldfinch Street,
which runs north and south, he turned into the same, going
north.   In making the turn he, instead of going to the right
of the center of the intersection of the two streets, as re-

---

1.  Cutting of corners by automobile, as negligence, note, 6
A. L. R. 321.

quired by the Motor Vehicle Act, entered Goldfinch Street passing to the left of said center, thus "cutting the corner." At the same time defendants were, on Goldfinch Street, approaching from the north, driving their car southerly on the left-hand side of the street at a speed of some forty miles per hour, all in violation of the provisions of the Motor Vehicle Act. The collision of the two cars occurred at a point in Goldfinch Street about twenty feet north of the north line of Bush Street and on the east side of the center of Goldfinch Street.

That plaintiff was guilty of negligence by reason of the line of travel followed in turning from Bush Street into Goldfinch Street may be admitted. But such fact will not bar his recovery, unless it be made to appear that such negligence was a part of the efficient cause of the collision; that is, there must have been a causal connection between his negligence in so doing and the injury complained of. At the time when the collision occurred, as shown by the record, plaintiff was driving his car upon the right-hand side of the center of the street, where he was entitled to travel, and the fact that in reaching such position he had negligently cut across the corner of the intersecting street was not a contributing cause of the collision, but, as appears from the evidence, wholly disconnected therefrom. Clearly, he was where he had a right to be and where, but for the fact that defendants were on the wrong side of the street and traveling at an unlawful rate of speed, the collision would not have occurred.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.