**NEAL et al. v. NORTHERN TEXAS TRAC-TION CO. (No. 10445.)***

(Court of Civil Appeals of Texas. Fort Worth. Dec. 1, 1923. Rehearing Denied Jan. 19, 1924.)

**1. Negligence ⬯82—Elements of plaintiff's negligence as "proximate cause" of injury stated.**

Negligence of a person injured proximately contributes to his injury when it can be determined that but for such negligence the injury would not have been inflicted and that some such injury ought to have been reasonably anticipated as a consequence of such negligence, in the light of attendant circumstances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

**2. Negligence ⬯136(26)—Contributory negligence as proximate cause question for jury.**

Whether plaintiff's own negligence proximately contributed to his injury is as much a question to be determined by the jury as is the negligence of defendant against whom the recovery is sought.

**3. Trial ⬯351(5)—Submission of several acts of negligence in one issue held not to prevent submitting each separately.**

In an action for personal injuries to a street car passenger caused by the sudden stopping of the car, the fact that the issue of his contributory negligence in wearing a clown's costume, heavy shoes, and mask was submitted in one issue did not deprive defendant of the right to have each of the three acts of negligence, alleged as separate defenses, separately submitted to the jury.

**4. Appeal and error ⬯662(2)—Assignment of error not sustained by recitals in bill of exceptions overruled.**

An assignment of error which is not sustained by the recitals in the bill of exceptions in connection with trial court's explanation appended thereto will be overruled.

**5. Carriers ⬯346(1)—Evidence held sufficient to show passenger's own negligence which proximately contributed to injury.**

In an action for injuries to a street car passenger dressed in clown's costume by the sudden stopping of a street car, evidence held sufficient to warrant a finding that in wearing a pair of heavy shoes, several sizes too large, he was guilty of negligence which proximately contributed to the injury.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by Mrs. Jennie Neal and another against the Northern Texas Traction Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

Gordon Gibson, of Fort Worth, and John W. Estes, of Los Angeles, Cal., for appellants.

Capps, Cantey, Hanger & Short, and W. D. Smith, all of Fort Worth, for appellee.

DUNKLIN, J. Mrs. Jennie Neal instituted this suit on her own behalf and as next friend for the benefit of her minor son, Howard Neal, against the Northern Texas Traction Company for damages alleged to have been sustained as the result of negligence of the defendant company. From a judgment in favor of the defendant, plaintiff has appealed.

The evidence shows that on the night of October 31, 1921, plaintiff's son, Howard Neal, in company with Frank Peck and some other companions, boarded a street car of the defendant company; that the two boys were attired in clownish costume which was donned for Hallowe'en festivities. The proof further showed that after the two boys had advanced down the aisle of the car to a point near the front vestibule the car came to a sudden stop, following which Howard Neal fell to the floor and skidded forward out into the front vestibule, where he came, in violent contact with an upright iron rod and sustained personal injuries by reason of such contact. In plaintiff's petition, it was alleged that such sudden stopping of the car was negligence, which was the proximate cause of the injuries. It was also alleged that before the car stopped it was running at a high rate of speed, and that defendant was guilty of negligence in running at that rate of speed, which was also one of the proximate causes of the injuries.

In addition to a general denial, the defendant alleged that Howard Neal was himself guilty of contributory negligence, which would preclude a recovery, in the following particulars: That he was attired in clownish costume which incumbered the freedom of his movements, and also had on large, heavy and cumbersome shoes, many times too large for his feet, which rendered his movements awkward and by reason of which, standing on his feet was made more difficult, and which costume and shoes each caused him to fall. It was further alleged that he was wearing a mask over his face which obscured his vision and rendered his movements more difficult and uncertain, and that he was also engaged in the performance of clownish antics, which likewise contributed to his fall.

Following an instruction defining the degree of care which the defendant owed to Howard Neal while he was a passenger on its car, and definitions of contributory negligence and proximate cause, the court submitted in his general charge special issues, which, together with the findings of the jury thereon, were as follows:

*Special Issues Submitted.*

"(1) Did plaintiff, Howard Neal, while a passenger on defendant's street car, upon the occasion in question, receive an injury? Ans. Yes.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 12, 1924.

"(2) At what rate of speed in miles per hour do you find from the evidence defendant's street car was being operated by the employees of the defendant in charge of said car at the time the motorman began to bring said car to a stop upon the occasion in question? Ans. Twenty miles per hour.

"(3) Was the rate of speed at which defendant's employees were operating the street car at the time defendant's motorman began to stop said car, upon the occasion in question, under all the facts and circumstances shown by the evidence, negligence on the part of said employees, as the term negligence has been defined for you hereinabove? Ans. No."

"(5) Do you find from a preponderance of the evidence that defendant's employees operating the car in question brought the said car to a sudden stop upon the occasion in question? Ans. Yes.

"(6) Was the manner in which the defendant's employees brought said car to a stop upon the occasion in question, under all the facts and circumstances shown by the evidence, negligence as that term has been hereinabove defined for you? Ans. Yes.

"(7) Was the negligence, if any, of defendant's employees, in the manner in which they brought said car to a stop upon the occasion in question, a proximate cause of an injury to plaintiff, Howard Neal, if you believe that said plaintiff, Howard Neal, was injured upon the occasion in question? Ans. Yes.

"(8) Under all the facts and circumstances shown by the evidence, were the conduct and movements, if any, of plaintiff, Howard Neal, after he boarded defendant's street car, upon the occasion in question, contributory negligence on his part, as the term 'contributory negligence' has been defined for you hereinabove? Ans. No."

"(10) Under all the facts and circumstances shown by the evidence, was plaintiff, Howard Neal, in the matter of the mask, clothing, and shoes that you may find from the evidence he wore while a passenger upon the street car of defendant upon the occasion in question, guilty of contributory negligence as that term has been defined for you hereinabove? Ans. Yes.

"(11) If under all the facts and circumstances shown by the evidence you have found in answer to special issue No. 10 that plaintiff, Howard Neal, was guilty of contributory negligence, while a passenger on defendant's car on the occasion in question, in the matter of the mask, clothing, and shoes that he wore, then answer further: Was such contributory negligence, if any, on the part of said plaintiff, Howard Neal, a contributing proximate cause of his having received an injury upon the occasion in question, if you believe from the evidence he did receive an injury upon the occasion in question? Ans. Yes."

In answer to other issues the jury found that Mrs. Jennie Neal had sustained damages by reason of the injuries to her son in the sum of $750, and that Howard Neal himself had sustained damages by reason of his injuries in the sum of $2,500.

In addition to the foregoing issues submitted in the general charge, the court also submitted other issues upon request of the defendant, which, with the answers of the jury thereto, are as follows:

"1. (a) Did the costume in which plaintiff was attired on the occasion in question cause or contribute to cause plaintiff to fall? Ans. No.

"2. (a) Did the shoes that were worn by the plaintiff on the occasion in question cause or contribute to cause the plaintiff to fall? Ans. Yes.

"(b) If you have answered the preceding question in the affirmative, then answer the following question: Did the wearing of such shoes on the street car in question constitute negligence as that term has been defined to you? Ans. Yes.

"(c) If you have answered that the wearing of such shoes on the street car in question was negligence, then go further and state whether or not it was the proximate cause or contributed proximately to cause the plaintiff to fall? Ans. Yes."

"4. (a) Did plaintiff have a mask over his face on the occasion in question? Ans. No.

"8. Was the plaintiff thrown astride the upright rod in the front of defendant's street car on the occasion in question? Ans. Yes."

Other issues were submitted to determine whether the injuries of which Howard Neal now complains resulted from the accident in controversy or from other causes, but the same will be omitted, because not material to any assignment of error presented here.

Appellant insists that the act of the minor in wearing the shoes which were so large and cumbersome as to interfere with the freedom of his movements, and which the jury found was negligence and a contributing cause of his injury, was but a condition existing at the time he boarded the car, and, therefore, as a conclusion of law, was too remote to be considered a contributing cause of the accident. In that connection. it is insisted that the conductor must have seen that the minor was wearing those shoes at the time the latter entered the car. Many authorities are cited to support that contention. We shall not undertake a detailed discussion of them, since we do not believe any of them are applicable to this case. In most of them recoveries by injured persons were sustained, notwithstanding their own negligence, expressly upon the doctrine of what is termed last clear chance, which is the same doctrine under which a recovery is allowed by reason of the negligence of the defendant in failing to avoid the injury after discovery of plaintiff's perilous situation, even though he was guilty of negligence in placing himself in that position, such negligence of the defendant under such circumstances being held to be wanton. And that doctrine is invoked by appellant here, notwithstanding the absence of any pleading as a basis for its application, to say nothing of a further absence of any specific proof that the conductor of the car noticed the cumbersome shoes which Howard Neal was wear-

ing when he entered the car, or at any other time prior to the accident, or that the motorman operating the car ever even saw the minor before his injury. In other authorities cited, which are not expressly predicated on the doctrine of negligence after discovered peril of the injured person, his alleged contributory negligence was so remote from the injury as to make those decisions manifestly inapplicable to this case.

[1, 2] Negligence of a person injured proximately contributes to his injury when it can be determined that but for such negligence the injury would not have been inflicted, and that some such injury ought reasonably to have been anticipated as a consequence of such negligence, in the light of the attendant circumstances. I. & G. N. Ry. v. Ormond, 64 Tex. 489; St. L. & S. F. Ry. v. McClain, 80 Tex. 85, 15 S. W. 789; G. H. & S. A. Ry. v. Pendleton, 30 Tex. Civ. App. 431, 70 S. W. 996, and authorities there cited; Ry. v. Bigham, 90 Tex. 223, 38 S. W. 162. And that issue is as much a question to be determined by the jury as is the negligence of the defendant against whom a recovery is sought for such injury. G. H. & S. A. Ry. v. Pendleton, supra.

[3] Another assignment is presented to the action of the trial court in giving to the jury defendant's requested issue No. 2, copied above. The objection urged to the submission of that issue on the trial of the cause was that the issue as to negligence of the minor in wearing the shoes had already been submitted in the court's main charge, and that to again submit, it would give undue prominence to the issue and would be on the weight of the evidence.

The wearing of the mask, the wearing of the clothing, and the wearing of the shoes was each alleged as a separate act of negligence which proximately contributed to the injury, and as a separate defense to plaintiff's suit. The testimony tending to support those three separate issues of negligence was not the same, and the defendant had the right to the submission of each issue separately as a defense, since each of those facts might constitute a separate and distinct defense, and defendant could not be deprived of that right by the submission of all of those issues conjunctively. Yellow Pine Oil Co. v. Noble, 101 Tex. 125, 105 S. W. 318; Ry. Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039; Ry. Co. v. Hall, 98 Tex. 480, 85 S. W. 786. Furthermore, when those issues were submitted separately upon the defendant's request, the only one sustained by the jury was the one relating to the wearing of the shoes.

[4] During the trial the shoes worn by Howard Neal on the occasion of his injury were produced in evidence and identified by him. According to his testimony, they were at least two sizes too large and quite heavy. Defendant's counsel requested Howard Neal to try on the shoes in the presence of the jury, which request was refused. Following a colloquy between counsel for plaintiff and defendant, with respect to whether or not the witness should be required to try on the shoes, the trial judge instructed him to try them on if he so desired, and upon his further refusal to do so, the shoes were carried from the courtroom. A bill of exception reciting all that occurred relative to the incident is made the basis of an assignment, by the terms of which it is insisted that the court erred in instructing Howard Neal to try on the shoes in the presence of the jury, but the assignment is overruled because the contention is not sustained by the recitals in the bill of exception, in connection with the trial judge's explanation appended thereto.

[5] We are of the opinion further that the evidence was sufficient to sustain the finding of the jury that Howard Neal was guilty of negligence proximately contributing to his injury in wearing the heavy shoes.

For the reasons stated, all assignments of error are overruled and the judgment is sustained.