### PORTER et ux. v. LIBERTY FILM LINES, Inc.

### No. 12559.

Court of Civil Appeals of Texas. Dallas.

Feb. 25, 1939.

Dissenting Opinion April 1, 1939.

Rehearing Denied April 8, 1939.

Smithdeal, Shook & Lefkowitz and J. L. Shook, all of Dallas, for appellants.

Darden, Burleson & Wilson, of Waco, and D. A. Frank, of Dallas, for appellee.

LOONEY, Justice.

Mr. and Mrs. W. W. Porter, appellants, sued Liberty Film Lines, Inc., appellee, to recover damages for personal injuries received in an automobile collision alleged

to have been caused by the negligence of appellee's truck driver. Appellee answered, alleging contributory negligence on the part of the appellants. The jury convicted both appellee and appellants of negligence proximately causing the collision, assessed appellants' damages at $12,500, and upon this verdict the court rendered judgment in favor of appellee, from which this appeal was prosecuted.

■ At the threshold, we are confronted with a motion by appellee to strike appellants' brief, on the ground that neither the assignments of error nor the propositions urged, conform to the rules of briefing, in that the same are multifarious and duplicitous. While these criticisms are not without merit, yet we are able to grasp the errors complained of, and, after reading the very able and orderly brief filed for appellee, are persuaded that its counsel experienced no difficulty in discerning the questions presented. So, we overrule the motion to strike.

Appellants complain that the trial court erred in refusing to set aside the verdict on account of misconduct of the jury, in that, a number of the jurors did not believe that appellants were in any sense to blame or that their acts caused or contributed to cause the collision; that a majority consented to answer the issues on contributory negligence, as was done, in order to arrive at a verdict, because members of the jury represented that the only issue of any importance was issue number 47, dealing with dollars and cents, and that appellants would get the amount found by the jury, regardless of how the issues on contributory negligence were answered; and that a majority of the jury consented to answer these issues as a trade-out proposition with other members of the jury, to get them to answer the issues submitting appellants' alleged negligence.

■ Appellants offered to make proof of the facts just recited, by the foreman of the jury (and it was agreed that three other members of the jury, if introduced, would have testified to the same facts), but, on objection by appellee, the court excluded the testimony, and appellants reserved and filed a proper bill of exception to the action of the Court. In the light of the adjudicated cases, we think the bill reveals evidence which, if admitted, would have shown such misconduct on the part of the jury as to require a reversal. See Stehling v. Johnston, Tex.Civ.App., ·32 S.W.2d 696;

Taylor v. Alexander, Tex.Civ.App., 34 S.W.2d 903; Walker v. Quanah, etc., Co., Tex.Com.App., 58 S.W.2d 4; Warnack v. Conner et al., Tex.Civ.App., 74 S.W.2d 719; Brinker v. McDonald et al., Tex.Civ.App., 115 S.W.2d 1185. However, appellants have urged neither an assignment nor a proposition complaining of the action of the court in excluding the evidence, but discuss the question as though the excluded evidence was before the court and considered by it in overruling appellants' motion to set aside the verdict. The evidence having been excluded, the case cannot be considered as though it were admitted. See 3 Tex.Jur. p. 1017, sec. 722; Richards et al. v. Hartley et al., Tex.Civ.App., 194 S.W. 478, 480; First Nat. Bank of Wichita Falls v. Fite et al., Tex.Com.App., 115 S.W.2d 1105, 1110. We, therefore, overrule appellants' assignments and propositions pertaining to the alleged misconduct of the jury.

The following general outline doubtless will conduce to a satisfactory understanding of the findings of the jury: On the evening of March 17, 1936, Mr. and Mrs. W. W. Porter, who resided near Hillsboro, Texas, were traveling west in an automobile (Nash) on the Dallas-Fort Worth pike; a four-lane highway about 40 feet wide, intending to turn south on a graveled road about 20 feet wide at its intersection with the pike, about 1½ miles west of the town of Grand Prairie. Approaching the intersection from the north side of the pike, Mr. Porter turned the automobile gradually to the left and, after getting it at right angles with the pike, proceeded south towards the graveled road and had reached a point about the center of the road, the front wheels of the auto being off the south side of the pavement and on the graveled road, the rear wheels being still upon the pavement when it was run upon and struck with great force by a truck belonging to appellee, driven by its agent, the front right wheel of the truck striking the automobile at or about the door on the left side near the front end, knocking the automobile from the pavement about 20 feet in a southwest direction, striking and breaking in two a telephone pole, and inflicting personal injuries upon appellants. The truck was a ton and a half Studebaker, being a closed, paneled automobile, with a four-wheel mechanical braking system, and was traveling west on the pike with a load of picture films, weighing from 2,000 to 2,500 pounds. Testimony of several disinterested witness-

es, who were at the scene of the collision shortly thereafter, was to the effect that from a point on the north side of the pike, there were found burnt rubber marks on the pavement made by the wheels of the truck in skidding, variously estimated by the witnesses to be from 115 to 175 feet in length, showing that the truck had skidded that distance at an angle toward the southwest, before colliding with the Porter car and, thereafter, proceeding further, struck a telephone pole, with such force as to cause it to lean perceptibly, dislodging it at the surface about 8 or 10 inches.

From the above and connecting up facts, the jury made the following findings, that is, (1) that the driver of the truck was operating the same at a speed of fifty-five miles per hour at the time he discovered the Porter car (which was just before it began to turn for the intersection) and that such rate of speed was not negligence. (The latter finding must be disregarded, as the law denounces such speed as negligence per se.) In view of the latter finding and the manner of the submission, the jury was not required to find, nor did it find, that such negligence was a proximate cause; in fact, no finding on that particular phase of the case was made. However, we are of opinion that, the undisputed evidence and physical facts show that speed not only was a proximate cause, but the dominating cause of the collision. However, the jury found appellee guilty of actionable negligence in the following respects: (1) Because of the failure of the driver of the truck to keep the same under proper control as it came into the intersection where the Porter car was turning; (2) because he drove to the left-hand side of the road and past the center thereof, and, while in such position, ran into and against the Porter car; (3) because he failed to keep the truck on the right-hand side of the road and ran over on the left-hand side at a time when it was not clear and unobstructed for a distance of at least fifty yards ahead of the truck; (4) because, before changing the course of the truck, he failed to first see if the movement or operation of the Porter car would reasonably be affected by such change of course; and (5) because of his failure to keep a proper lookout for the Porter car. These findings established the liability of appellee, and authorized the rendition of judgment in favor of appellants for the amount of damages assessed, unless they were defeated by the findings of the jury on the issues of contributory negligence, which will be considered at this juncture. .

The findings on the issues of contributory negligence are these: The jury found that, in turning to the left at the intersection, Mr. Porter failed to run his car beyond the center of the intersection of the crossroads, and that such failure was a proximate cause; and in that connection, also found that he did not undertake to turn to the left, for the purpose of driving south, without first giving an adequate and timely signal of his intention to do so. They also found that, before turning to the left at the time in question, Mr. Porter failed to look behind, east, along the pike for approaching traffic; that such failure was negligence and a proximate cause; that he turned his car crosswise on the pike before looking east, and that such conduct was negligence and a proximate cause.

The answers of the jury to these and related issues will be considered later in determining whether or not there exists a destructive conflict in the answers, but, for the present, we will determine whether or not the negligence of Mr. Porter, as found by the jury, bore any causal connection to the accident. Conceding that Mr. Porter was negligent in the several respects found by the jury, was such negligence, in either respect, a contributing cause? We do not think so, for the following reasons: The obvious purpose of exacting of Mr. Porter that, before turning to the left at the intersection, he run his car beyond the center of the crossroads; that he look behind, east, along the pike; that he look before turning his car crosswise on the pike, was that he might discover the approaching truck in time to signal, if necessary, or keep out of its pathway, and thus avoid a collision; no other reasons could have existed.

Now, the undisputed facts are these: At the time of the collision, the Porter car had passed entirely from the north side of the pike, and the lanes used for westbound traffic, where the truck should have traveled, and was in the act of leaving the pike on the south side, the front wheels of the car being off the pavement and on the graveled road when the collision occurred. Obviously, Mr. Porter was where he had a right to be, and the truck was where it would not have been but for the negligence of the driver, as found by the jury. The fact that, in reaching that position, Mr. Porter had commit-

ted the several acts and omissions of negligence, as found by the jury, was immaterial, because, in our opinion, such negligence, in neither respect, could have been a contributing cause, hence, in law, was without causal connection with the collision that occurred afterward; as said acts and omissions were merely prior connecting events leading to the accident, and, in a legal sense, bore no relation to it, other than any other disconnected link in the precedent concatenation of events leading down to that moment.

Any number of cases could be cited, more or less in point, but the doctrine underlying all of them was aptly stated by the Amarillo Court, in Dallas Ry. Co. v. Eaton, Tex.Civ.App., 222 S.W. 318, 319, in the following language: "Negligence on the part of the plaintiff will not bar recovery for injuries resulting from the negligent act of the defendant, unless plaintiff's negligence was a proximate cause of the injury. The question of proximate cause is one of fact for the jury, unless the facts are such that reasonable minds might not differ as to the conclusion to be drawn therefrom. The same principles of law governing the application of the law of proximate cause in the ordinary negligence case are applicable in cases of contributory negligence; these general principles have been so often stated by our courts that it is not necessary to restate them here. * * * 'A prior and remote cause cannot be made the basis of an action, if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury. If no danger existed in the condition, except because of the independent cause, such condition was not the proximate cause. * * * But, where the condition was such that the injury might have been anticipated, it will be the proximate cause, notwithstanding the intervening agency, or where such condition rendered it impossible to avoid injury from another contributing cause.' 29 Cyc. p. 496." Also, was stated by the El Paso Court, in Rio Grande, etc., Co. et al. v. Lucero et al., Tex.Civ.App., 54 S.W.2d 877, 880, as follows: " ' * * * The question as to whether the negligence of the plaintiff proximately contributed to his injury is

as much a question of fact for the jury as the one of negligence itself. And unless the evidence shows it, though it may be sufficient to show negligence on the part of the plaintiff, there is a complete failure of the defense of contributory negligence. [Galveston H. & S. A. Ry. Co. v. Pendleton, 30 Tex.Civ.App. 431, 70 S. W. 996].' " In Wilkinson v. Rohrer et al., 47 Cal.App. 372, 190 P. 650, practically an identical case on the facts, the District Court of Appeal of California used the following pertinent language: "That plaintiff was guilty of negligence by reason of the line of travel followed in turning from Bush street into Goldfinch street may be admitted. But such fact will not bar his recovery, unless it be made to appear that such negligence was a part of the efficient cause of the collision; that is, there must have been a causal connection between his negligence in so doing and the injury complained of. At the time when the collision occurred, as shown by the record, plaintiff was driving his car upon the right-hand side of the center of the street, where he was entitled to travel, and the fact that in reaching such position he had negligently cut across the corner of the intersecting street was not a contributing cause of the collision, but, as appears from the evidence, wholly disconnected therefrom. Clearly he was where he had a right to be and where, but for the fact that defendants were on the wrong side of the street and traveling at an unlawful rate of speed, the collision would not have occurred."

Citation of other authorities is not necessary to re-enforce the doctrine that contributory negligence, in a legal sense, is such an act or omission on the part of the plaintiff amounting to the want of ordinary care concurring with the negligence of defendant, is a proximate cause or occasion of the injury complained of; in other words, a causal connection must exist or else negligence of the plaintiff does not become contributory negligence within the meaning of the law. The mere collateral acts or omissions of a plaintiff, although found to be negligence, will not defeat recovery if they did not proximately contribute to cause the collision.

The negligent acts and omissions of appellee, as disclosed by the record, and as found by the jury, that is, the excessive speed at which its truck was being driven at the time; failure of the driver

to keep a proper lookout and have the truck under control; his departure from the right-hand side of the road, driving to the left when the way was not clear for 50 yards, and without first seeing if the movement or operation of the Porter car would be affected thereby, considered in connection with the physical facts, that is, the rubber markings made on the pavement by the skidding truck for a distance of from 115 to 175 feet, reaching from the north side of the pike southwest to the point of collision on the south side of the road, striking and knocking the Porter car entirely off the pavement, hurling it 20 feet against a telephone pole, breaking the pole in two, the truck then striking a telephone pole with such force as to dislodge it at the surface about eight inches; the cumulative effect of all this reveals to us that the negligence of appellee's driver was the sole cause of the collision—excessive speed predominating, speed—and the connected acts and omissions occurred in rapid succession, resulting in the Porter car being run down and personal injuries inflicted upon appellants.

 To bar recovery, the negligence of appellants must have had in it the element of proximate cause, that is, a causal connection, but, as we view the record, none such being shown, it follows that, in our opinion, appellee's liability was established, and that the court below erred in rendering judgment in its favor; hence, same will be reversed and judgment here rendered for appellants for $12,500, the amount of damages assessed by the jury.

However, if it can correctly be said that the record reveals any evidence tending to show the existence of a proximate cause in either of the acts of contributory negligence, of which appellants were convicted by the jury; in such event, our conclusion would be that, the evidence to the contrary being so preponderating, we would be unwilling to affirm the judgment, but, for that reason, and for the additional reasons which will now be stated, would reverse the judgment and remand the cause for further proceedings.

The additional reasons are these: The answers of the jury to the issues bearing upon contributory negligence, in our opinion, are conflicting and self-destructive. Answering issue 35, the jury found that Mr. Porter failed to look behind, east, for approaching traffic before turning to the left at the intersection, and in answer to issue 38, found that he operated his car crosswise the pike, that is, completed the turn, before looking east for approaching traffic. Obviously, issues 35 and 38, although phrased differently, present substantially the same issue, that is, whether or not, before turning at the intersection, Mr. Porter looked behind, eastward, on the pike for approaching traffic. Answering 33, the jury found that Mr. Porter failed to run his car beyond the center of the intersection of the roads, but, answering issue 30, found that he did not undertake to turn south at the intersection without giving adequate and timely warning of his intention to do so, and, in answer to issue 41, found that before turning at the intersection, he did not fail to see first that there was sufficient space for such movement to be made in safety.

The law of the road, Article 801, P.C. 1925, Sec. G, provides that: "All vehicles approaching an intersection of the public highway with the intention of turning thereat * * * in turning to the left, shall run beyond the center of such intersection, passing to the right before turning such vehicle to the left". Mr. Porter's failure to observe this regulation was negligence per se, but, whether or not such negligence had in it the element of proximate cause is an entirely different and distinct matter, which will be noticed later. The law of the road, in Sec. K of Art. 801, provides that: "The person in charge of any vehicle upon any public highway before turning, stopping or changing the course of such vehicle shall see first that there is sufficient space for such movement to be made in safety, and if the movement or operation of other vehicles may reasonably be affected by such turning, stopping or changing of course, shall give plainly visible or audible signal to the person operating, driving or in charge of such vehicle of his intentions so to turn, stop or change said course". The jury found that Mr. Porter complied with both requirements of this section of the statute; that is, answering issue number 41, found that, before turning his vehicle on the occasion in question, he did not fail to see first that there was sufficient space for such movement to be made in safety, and in answer to issue 30, found that he did not undertake to make the turn to the left without giving an adequate and timely signal of his intention so to do; the evidence showing that he gave a visible signal with his

left hand before making the turn in question. The law of the road does not require of a person in charge of a vehicle that, before turning upon the highway, he shall look to the rear or in any particular direction, but does require that he shall see to it, first, that such contemplated movement can be had in safety. Whether he looks or fails to look are simply evidentiary facts bearing upon the question, whether or not he discharged the statutory duty of seeing that the movement could be made in safety, hence the answers of the jury that Mr. Porter complied with the statute in the respects just mentioned, conflict with and are destructive of, answers to issues 35 and 38 and the connected issues, finding him guilty of contributory negligence in failing to look behind to the east before turning at the intersection, and finding him guilty of contributory negligence in failing to look eastward on the pike before turning his vehicle crosswise the pike. If Mr. Porter first saw to it that there was sufficient space for the contemplated movement to be made in safety, obviously, negligence cannot be predicated on the doing or failure to do this or that thing, in seeing to it first that there was sufficient space for the movement to be made in safety. Answer to issue 41, in our opinion, also precludes the idea that the failure of Mr. Porter to drive his vehicle beyond the center of the intersection before turning to the left, had in it the element of proximate cause; for, if, in compliance with the statute, he saw to it that he could turn his vehicle in safety (however the turning was accomplished), as the jury found he did, there could not exist a causal connection between his failure to drive past the center before turning to the left, and the collision which did not occur until after the vehicle had passed beyond appellee's lanes of travel and entirely from the region of the pike where the turning, if accomplished in compliance with the statute, would have taken place.

So, in harmony with the views heretofore expressed, we are of opinion that the judgment of the trial court should be reversed and judgment here rendered in favor of appellants against appellee, for the sum of $12,500, the amount of damages assessed by the jury, with six per cent (6%) interest thereon from March 17, 1936, and it is so ordered; and only in the alternative, for the reasons and on the contingency heretofore stated, would we remand the cause for further proceedings.

Reversed and rendered.

YOUNG, Justice (dissenting).

This record presents facts commonly attendant upon any case of automobile collision—nothing to set it apart from the typical accident, occurring all too frequently on highly traveled thoroughfares, such as the Dallas-Fort Worth pike. The jury found that plaintiff Porter and defendant's driver were each negligent in several respects, proximately causing the collision, and I can find no undisputed facts, or unique circumstances under which this phase of the jury verdict, arrived at upon conflicting evidence, should be set aside and ignored. Issues involving Mr. Porter were that, in turning to his left, he failed to run his motor vehicle beyond the center of the intersecting crossroad and the pike; that before turning his motor vehicle to the left at said time and place, he failed to look behind him along said main pike in an easterly direction for approaching traffic; and that he failed to look eastwardly, or back along said pike, until after he had turned his vehicle crosswise thereon. The jury found affirmatively that all of these failures on the part of Mr. Porter proximately contributed to cause the injuries complained of, but the majority opinion substitutes negative answers in this connection and frees plaintiffs of all fault, holding the negligent conduct of defendant's driver —principally speed—to be the sole cause of the collision by judicially determining that speed was a proximate cause *in the absence of a jury finding to such effect.* (Italics mine.)

Appellate courts are without authority to set aside jury verdicts, particularly on questions of proximate cause in damage suits, upon conflicting facts—the undisputed facts must be ample and clear, and the circumstances most exceptional to justify such action. Chief Justice Hickman, while on the Eastland Court, tersely stated the principle to which I refer, in Jones v. Gibson, Tex.Civ.App., 18 S.W.2d 744, 745: "Undoubtedly, facts might exist in a given case which would be so conclusive in their nature as to establish, as a matter of law, that a certain act of negligence was the proximate cause of an injury; but such cases are indeed rare, and an examination

of the authorities will reveal but few instances in which facts have been so interpreted."

I find no "undisputed facts" in the record that warrants the majority in holding the negligence of appellee's driver as controlling and the contributory negligence of plaintiffs as evidentiary, save, possibly, in the position of the vehicles after the impact. The particular traffic lane occupied by Mr. Porter before his turn to the left was disputed; whether he had previously turned to the right for a bus to pass in the same direction; the distance involved in his wide angle to the left before reaching the intersection; the position of defendant's truck on the highway and its speed before both cars moved leftwardly to the point of contact; the condition of oncoming traffic to the rear, or eastwardly—all were but verbal pictures from different witnesses, illustrating the futility of ever determining the true or undisputed facts concerning the phenomena of any collision between automobiles.

The general rule inversely stated is, that the jury's province is invaded in holding a given act of negligence not to be the proximate cause of an injury as a matter of law, unless it appears that reasonable minds could not differ in the matter of the negligent party's "foreseeability"; in other words, that the plaintiffs ought not to have foreseen or anticipated that the injury complained of, or one of similar nature, would result from the negligent act. Jones v. Gibson, supra; 30 Tex.Jur. Negligence, Sec. 63, p. 724.

If different conclusions may reasonably be drawn from the particular act or from the whole of the evidence, the question of causation is for the jury. 45 C.J. Negligence, Secs. 876–886. Bearing in mind the court's charge on proximate cause, the majority opinion holds, in effect, that Mr. Porter should not have foreseen, as a matter of law, that his failure to keep a proper lookout on the Fort Worth pike would result in accidental injuries; or if he *had* looked back at the times inquired about, or *had* gone beyond the center of the cross-road intersection before left-turning, still the place of the collision would have been the same. An examination of this record convinces me that a wide latitude exists in which reasonable minds might differ as to whether the same collision would have followed a proper lookout by Mr. Porter; on the other hand, the inference is reasonable that there would have been no resulting accident at all. Also, under all the circumstances, there is abundant latitude for a great difference of opinion as to the relative position of plaintiffs' car. Would it have been at the place of the collision or elsewhere, had he moved beyond the center of the intersection before turning? Or would any untoward result have followed this latter movement of plaintiffs' vehicle? The above but illustrates, to my satisfaction at least, the changed conditions that could reasonably have existed, absent the contributory negligence of plaintiff, and but demonstrates that proximate cause incident thereto was a very material jury question and decisive of their cause of action.

No automobilist on the Dallas-Fort Worth pike need be endowed with the "prophetic ken" referred to by Judge Gaines in the Bigham case (Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162), to foresee, or actually know, the dire consequences that would surely follow a total failure to keep a proper lookout to the rear, before attempting to turn across that broad thoroughfare of continuous and fast-moving traffic. "The question is not whether the fault of the plaintiff caused the injury, but whether it contributed to it." Houston & T. C. R. Co. v. Smith, 52 Tex. 178. "It is not necessary that plaintiff's contributory negligence be an active, co-operative link in the chain of events producing the injury. Plaintiff's negligence may be wholly disconnected with that of the defendant and may be of a negative character, such as lack of vigilance." Alexander v. Missouri, K. & T. R. Co., Tex. Civ.App., 287 S.W. 153, 155.

The majority holding, that the negligent acts and omissions of plaintiffs were immaterial, could not have been a proximate contributing cause of the collision, and were without causal connection, is directly in conflict with the following cases of almost identical facts: Larson et al. v. Whitten, Tex.Civ.App., 111 S.W.2d 736, 737, error dismissed held in part: "The driver of the car contemplated making, and did make, a left-hand turn directly in front of the on-coming truck. According to his own testimony, he did not see the truck from the time it was a quarter of a block away until it was immediately upon him as he turned in front of it. * * * Under such circumstances, ordinary care required plaintiff, who knew that he was about to

make a turn which would place him in a place of danger, to keep a lookout for approaching vehicles. * * * In view of the fact that plaintiff had the same opportunity to observe the approaching truck as the driver of the truck had to observe the conduct of plaintiff; the fact that plaintiff knew that he was going to make a left-hand turn at the street intersection which would require him to cross the path of the truck; and his own testimony that he saw the truck a quarter of a block away as he undertook to make the turn, and not again until it was immediately upon him; coupled with the fact that he was an interested witness in his own behalf, and his care in the matter referable to his own testimony, were clearly sufficient, we think, to require submission of such issue to the jury."

Ball et al. v. Youngblood, Tex.Civ.App., 252 S.W. 872, 873, writ of error denied, 114 Tex. 582, 278 S.W. 1115, is here quoted: "Appellee seeks to avoid the effect of this contributory negligence by pleading and proof that the defendant's car was being driven in a reckless manner, such as to constitute gross negligence. * * * it is held that the doctrine of comparative negligence does not obtain in this state, and this holding has not been departed from. * * * But we are of the opinion that the findings of the jury that the plaintiff violated the city ordinance was a finding of negligence upon his part, and, since the further finding is that such negligence contributed to the accident the court should have entered judgment for defendants upon such findings."

From the record, it is obvious that Mr. Porter was unfamiliar with the highway in question, and was following a custom of holding out his hand before turning—not looking until after he turned. He testified in part:

"Q. Describe your movements after, and at and just before you started to make the turn * * *. A. Well, I always put out my hand before I start the car, to turn the car, and leave it out, and when the car is turned then I look to see, don't you see, if everything is all right. * * *

"Q. Had you started to make a turn when you looked back? A. I had already made the turn.

"Q. You say you looked to the rear after you were making this turn? A. After I had already made the turn."

Lewis v. Martin, Tex.Civ.App., 120 S.W. 2d 910, writ refused discussing similar conduct of a motorist at an intersection, cited Gray et ux. v. Southern Auto Wreckers, Inc., La.App., 166 So. 154, 156, where is said: "Even when one has the right of way, he is not relieved from the necessity of looking into the direction from which others may be expected to approach, and where such care would, as is the case here, have prevented the accident, he who fails to look cannot recover, even though the other party was grossly at fault."

The majority further concludes that the jury finding under Issue 41, of a compliance by Mr. Porter with Sec. K, Pen.Code, art. 801, comprehended his full duty at the time. The finding was, in effect, that plaintiff, Porter, before turning his motor vehicle at the intersection, did not fail to see there was sufficient space for such movement to be made in safety; and overlooks entirely that defendant's pleading and the evidence raise issues on contributory negligence—common law defenses including proper lookout, additional to the above statutory issue. Nor did this issue (No. 41) materially conflict with the preceding jury answers that plaintiffs failed to look back before turning. The evidence shows that Mr. Porter did make some effort to see whether there was sufficient space for his movement to be made in safety, i. e., he did look toward Fort Worth in a westerly direction, and to the south side, and such is the substance of the answer to the issue. There is no element in this particular question of whether he failed to look behind him along the Fort Worth pike, in an easterly direction for approaching traffic, before turning his vehicle to the left; or whether he turned his car crosswise before looking eastwardly. Certainly plaintiffs' favorable answer in no wise conflicts with Issue No. 33, convicting said plaintiff of negligence per se, in that, he failed to run his automobile beyond the intersection before turning to the left. Pen.Code, art. 801, G. Proximate causation being established, defendant's judgment can be based on this last finding alone. I conclude this cause should be affirmed.