MONTGOMERY, J., dissenting.
The plaintiff was employed by defendant as a traveling salesman of machinery, for one year. The terms of the contract were that the defendant was to pay the plaintiff $75 per month and necessary expenses; and the defendant was to furnish the plaintiff with addressed postal cards and blanks for the purpose, and the plaintiff was to write every day on one of the postal cards, showing the defendant where he was. And at the end of each week the plaintiff was to report, on the blanks furnished him, his past week's expenses. The defendant furnished the postal cards and the blanks, *Page 303 
but the plaintiff failed to write and mail the postal cards showing his whereabouts, and failed to make the weekly reports, as he was to do under the contract. The contract time was to commence on the first of February; and on 20 February we find him writing to the defendant, in answer to a letter from the defendant (442) demanding that the plaintiff should comply with his contract by writing the postals and sending in the reports, saying that he (plaintiff) had never had to do this before, and that it was not necessary that he should do so.
The next correspondence we have between the plaintiff and the defendant is a letter of 16 March, from the defendant, demanding that the plaintiff should write the postals and send in the reports as he contracted to do. But the plaintiff still refused to write the postals or to make the weekly reports of expenses, etc. And on 20 April the defendant discharged the plaintiff, saying it would pay him up to 1 May, which it did.
But the plaintiff brings this action to recover $75 per month from 1 May to 1 October, when he says he got other employment.
These conditions in the contract were important to the defendant, that it should know where the plaintiff was, that it might communicate with him, and that it might know what his expenses had been.
This action is not brought to recover for work and labor done, but for work and labor not done — for a breach of the contract on the part of the defendant in wrongfully discharging the plaintiff. In order to enable the plaintiff to recover, he must show two things: (1) That he has complied with the contract; (2) that the defendant has violated the contract by wrongfully discharging him.
On the argument it was admitted that the plaintiff had not kept the contract; that he had not written the postals, nor made the weekly report, as he contracted to do; and the defendant would have had the right to discharge the plaintiff, if the defendant had not condoned or waived the breach. But the plaintiff contends that the defendant has done this, and therefore he is entitled to recover for servicesnot performed, upon a contract that he had broken. The (443) grounds alleged by plaintiff for this contention are, that the defendant paid the plaintiff's salary for March, and paid his expenses up to that time. It seems to us that the plaintiff is making mighty poor return for the favor the defendant did in paying him for more time than he had served. But the defendant did right in paying the plaintiff for the time he served, though it might have discharged him sooner. And we think that continuing the plaintiff in the service of the defendant was a waiver of the breach to that extent, but no further. The breach of the contract by the defendant was a continuing breach — *Page 304 
was persisted in and continued by the plaintiff after the payment on the first of March; and how such payments, made the first of March, can be a waiver of the breach made after that time is more than we are able to sec.
The case, then, is this: The plaintiff has brought an action to enforce a contract that he has broken, against the defendant, when it has not broken the contract. We can not see how the plaintiff is entitled to recover, on his own showing. There is
Error.