### United Oil & Refining Company v. E. B. Grey.

Decided June 11, 1907.

**1.—Discharged Employee—Competency—Evidence.**

In a suit by a discharged employee for breach of contract of employment, the issue being as to the competency of the employee to perform the duties he had undertaken, namely, the refining of oil, the testimony of experts in that business who had seen plaintiff many times engaged in the discharge of his duties, was competent. The rule that a witness will not be permitted to give his opinion upon matters which the jury can as well determine from the facts before them, has no application in such case.

**2.—Same—Condonation.**

An isolated dereliction of an employee may be condoned, but the rule does not apply to continuing incompetency.

**3.—Stenographer's Transcript—Briefs. .**

The law authorizing the sending up of the stenographer's transcript on appeal did not change the rule requiring condensed statements from the record to follow each proposition in the briefs; on the contrary, it emphasizes the necessity for observance of the rule.

Appeal from the District Court of Jefferson County. Tried below before the Hon. L. B. Hightower, Jr.

*Teagle & Conley,* for appellant.—An expert may testify as to technical matters and give his opinion as to the result of experiments and as to the proper method of performing work or duties in a business in which such expert is qualified, but where the question is as to the fitness of a man to perform a certain duty the manner in which such person has performed other work of a similar kind or the proper method of carrying on such work is admissible, but the expert should only be permitted to state what he has seen the man do, how the work should be performed and let the jury decide from such facts whether or not the man was competent to perform the work he contracted to do. Houston & T. C. Ry. v. Smith, 52 Texas, 178; Milwaukee & St. P. Ry. v. Kellogg, 94 U. S., 472; Peonle v. Barber, 115 N. Y., 475; 12 Am. & Eng. Ency. Law, 421; ̃Schmieder v. Barney, 113 U. S., 645; Armendaiz v. Stillman, 67 Texas, 458; German Ins. Co. v. Pearlstone, 45 S. W. Rep., 832.

An employer has the right to discharge his employe at any time

before the contract of employment expires, for incompetency or extravagance, if such faults continue up to the time of the discharge, and the doctrine of "waiver" or "estoppel" has no application in such a case.   Glasgow v. Hood, 57 S. W. Rep., 162; Kuehn v. Wilson, 13 Wis., 107; Eaton v. Woolly, 28 Wis., 628; 20 Am. & Eng. Ency. of Law, p. 33; Leatherberry v. Odell, 7 Fed. Rep., 648; Lyon v. Pollard, 20 Wall., 403.

*A. D. Lipscomb,* for appellee.—Where one expert has had opportunity to observe the work of another in the same line of employment, his opinion of the competency of that other is admissible on the issue of incompetency.   Postal Tel. Co. v. Coote, 57 S. W. Rep., 914; Baltimore Base Ball Club v. Pickett, 78 Md., 375, 28 Atl. Rep., 279; 22 L. R. A., 690; 44 Am. St. Rep., 304.

The competency of an employe is to be tested according to the standard of what he undertakes to do, either expressly or impliedly; and if his alleged deficiency be in any technical detail of his undertakings, the only method of proving it is by showing to experts (by hypothetical questions based on the evidence if they do not otherwise know it) what he has done or omitted, and giving to the jury their opinion as to the effect of such acts or omissions.   Cameron v. Anderson, 78 S. W. Rep., 972, and cases cited.

When an employment involves on the part of an employe an express or implied warranty of his efficiency in a variety of details, the discovery by his employer of deficiency in any one of them should be promptly availed of as a ground of discharge, or else (there being efficiency in a great many other details) he will be deemed to have waived the single deficiency.   Leatherberry v. Odell, 7 Fed. Rep., 641.   The rule in its general form as universally stated and as in effect embodied in the trial court's charge is: "Where the master excuses the servant's breach of the contract by retaining him in employment, he waives all right to subsequently complain thereof." (14 Am. & Eng. Ency., 1st ed., p. 791.)

GILL, CHIEF JUSTICE.—E. B. Grey brought this suit against the oil company to recover a balance due for wages and damages for breach of a contract of employment.   The defendant answered by general denial, and specially that when plaintiff entered into the contract of employment, whereby he undertook the management of defendant's oil refinery, he represented that he was a competent and skilled refiner of crude petroleum and understood the manufacture of illuminating and other oils such as were in the contemplation of the parties to be manufactured under the contract.   Defendant alleged that plaintiff was not expert and competent in the respects mentioned, specified the respects in which he had proved to be deficient, and averred that for these reasons he had been discharged. The defendant further alleged that as a part of the consideration for the contract defendant was induced by the representations of plaintiff as to his skill and fitness for the duties and responsibilities he undertook, to issue to him fifty shares of the capital stock of the defendant company of the par value of $5,000.   Defendant prays for the

surrender of this stock or for judgment for its value on the ground that the consideration for its issuance has wholly failed. Plaintiff responded to this allegation by the averment that the stock had been given to him by one Glaeser. Further, that if he, plaintiff, had in fact proved incompetent the company had waived and condoned it after discovery that he was unskilled and unfit for the task. There was a jury verdict for plaintiff for $467.66 for balance due on wage account and $1,587.50 was also awarded him as damages for breach of contract of employment. From a judgment on this verdict the oil company has appealed.

For the purposes of this opinion the following brief statement of the facts will suffice. The defendant had an oil refinery at Beaumont and was engaged in the refining of crude petroleum from the Texas oil fields. Alfred A. Glaiser was its president, and resided in New Jersey. In 1903 plaintiff was residing in Tidewater, New Jersey, and had a good position with a large oil refining company at that point. He and Glaiser had an interview relative to plaintiff's acceptance of a position as manager of the Beaumont refinery. Plaintiff represented himself to be a skilled refiner of oil. He signed the contract sued on, Glaiser signing for the company. By the terms of the contract he undertook the management of the plant of defendant company for three years, beginning September 1, 1903, at a salary of $3,600 for the first year, $3,900 for the second, and $4,200 for the third year. The contract, which was in writing, made no reference to the fifty shares of stock, but Glaiser either as a gift from himself to induce plaintiff to enter into the contract to move to Texas, or else for the company as a part of the consideration for the contract, had the stock issued to him. On May 31, 1905, he was discharged. According to appellant he was discharged for incompetency. According to plaintiff, because the enterprise had proved a failure. The amount of salary due him at the date of his discharge was as named in the petition and has not been paid. Glaiser offered to pay it upon return of the fifty shares of stock. Plaintiff secured a position in the refinery of the Texas Company at Port Arthur in September, 1905, at $2,000 per year and has been working there at that salary ever since. The evidence presents the issue of incompetency and his discharge therefor. It is also a fact question under the evidence whether the fifty shares of stock was a gift from Glaiser or was a part of the consideration moving from the company to plaintiff for the contract of employment. Plaintiff would not have been employed had not Glaiser believed that he was a skilled and competent refiner of crude oils.

By the first and second assignments appellant complains of the admission of the testimony of the witnesses Leman and P. R. Grey as to the competency of plaintiff as a refiner of oil. The ground of objection is that the opinion of experts is not admissible on such an issue. It is well established in this State that a witness will not be permitted to give his opinion upon matters which the jury may as well determine from the facts before them, and the cases cited and relied on by appellant disclose the rule and the reason for it. But the evidence objected to is of a different nature. The witnesses

Leman and P. R. Grey were shown to be oil refiners of long experience, having expert knowledge of all the details of the process of refining. These details are so many, so intricate and so out of the ordinary experience of the average man that the jury would be unable to draw any intelligent conclusion from a detailed statement of the methods adopted by the plaintiff while in the employ of defendant. After hearing the methods detailed the jury must still have taken an opinion as to the right and wrong method. The two witnesses testified that for years they had been intimately associated with the plaintiff and had seen him many times engaged in the business in question. The inquiry was, did he know *how?* Was he competent? Was he skilled? They knew the proper methods. They knew by actual knowledge whether he knew them. They had seen him engaged in such work. Having these facts upon which to base an opinion and being themselves skilled, their opinion was properly heard. Where one expert in a technical vocation has had opportunity to observe the work of another in the same calling his opinion of the competency of that other is admissible in evidence. 3 Wigmore on Evidence, secs. 1907, 1913 and 1984.

The court charged the jury, in effect, that if defendant after discovering that plaintiff was incompetent and unskilled thereafter retained him in its service an unreasonable length of time, defendant would be estopped to discharge him for that cause, and this the appellant assails as error. The principle embodied in the charge is obviously wrong. It is true that one may condone the dereliction of an employe so as to lose the right to thereafter captiously discharge him and justify upon the ground which no longer existed. Leatherberry v. Odell, 7 Fed. Rep., 641; 20 Am. & Eng. Ency. of Law, p. 26, et seq. But the rule does not and ought not to apply to incompetency and unfitness, for these by their very nature are continuing and persistently repeat themselves. Glasgow v. Hood, 57 S. W. Rep., 162. Condonation does not extend to subsequent acts nor to continued incompetency. 20 Am. & Eng. Enc. of Law, p. 33. For this error the judgment must be reversed and the cause remanded.

We are also of opinion that the court erred in withdrawing from the jury the issue as to whether the shares of stock were a gift from Glaiser or a part of the consideration moving from the defendant to the plaintiff for the execution of the contract of employment. This issue is important, of course, only in case the company is found to have been justified in discharging plaintiff.

None of the other assignments is meritorious. For the reasons given the judgment is reversed and the cause remanded.

### ON REHEARING.

We have carefully considered appellee's motion for rehearing and have found no reason to modify the views expressed in the main opinion.

We failed, however, to dispose of the 4th assignment in which error is predicated upon the giving at the request of appellee a special charge to the effect that he could not be held responsible for the acts of another employe done independent of his authority.

Insofar as the charge presents this view it is sound, for such independent acts would furnish no aid in measuring the competency of appellee. It is conceded that the charge as given is inaccurately drawn. A clear charge upon the point may be properly given upon another trial.

Counsel for appellee makes the inquiry whether the Appellate Court under the law authorizing the sending up of the stenographer's transcript, expects the brief to contain full statements from the record. The old rule requiring condensed statements from the record to follow each proposition is still in force, and there is greater necessity than ever for a careful and candid compliance with it. For the satisfaction of counsel we state that in this instance we made a careful inspection of the record in addition to the statements found in the briefs. The motion is overruled.

*Reversed and remanded.*