## HICKS v. DUNLAP.
### No. 2820.

Court of Civil Appeals of Texas. El Paso.
April 27, 1933.

Rehearing Denied May 11, 1933.

Lem Wray, of Waxahachie, for appellant.

A. D. Gray, of Waxahachie, and A. R. Stout, of Ennis, for appellee.

HIGGINS, Justice.

This is a suit by Hicks against Mrs. Anna J. Dunlap to recover damages for an alleged wrongful breach of a contract of employment. It was alleged that defendant employed plaintiff for the term of one year beginning September 1, 1925, and discharged him on June 1, 1926.

Upon special issues the jury found:

1. Mrs. Dunlap employed Hicks for the term of one year at a salary of $100 per month.

2. Hicks represented prior to such employment that he was a skilled horticulturist and experienced grower of hot house plants.

3. Mrs. Dunlap relied upon such representations.

4. Such representations were not false and untrue.

5. The other help and employees of Mrs. Dunlap were prevented from performing competent and efficient service on account of the action and conduct of Hicks.

6. Mrs. Dunlap did not suffer a loss of business and profit on account of complaints made to her customers by Hicks.

7. Hicks did not perform his services in a competent and efficient manner.

8. Mrs. Dunlap was unable to have her other employees work with Hicks in a reasonable and efficient manner on account of the action and conduct of Hicks with said employees.

9. By the use of reasonable diligence Hicks could have earned from other employment, during June, July, and August, 1926, the sum of $90.

At the request of plaintiff the court submitted his special issue No. 2, which reads: "Do you find and believe, from a preponderance of the testimony, that the defendant, on or about June 1st, A. D. 1926, breached the terms of such contract, if any with plaintiff, by discharging him from her employment?" This was answered "Yes."

The questions presented by the first two propositions cannot be reviewed in the absence of a statement of facts.

By the third and fourth propositions it is asserted that, upon the answer to plaintiff's requested issue No. 2, he was entitled to judgment; and, in any event, such finding was contradictory of findings 5, 7, and 8, and for that reason a mistrial should have been entered and a new trial granted.

It is true the defendant breached the contract in the sense that she discharged the plaintiff before the expiration of the year, but said findings 5, 7, and 8 show she had the right to do so. 18 R. C. L. 518; 39 C. J. 83; 1 Labatt on Master & Servant, 912; Unit-

ed O. & R. Co. v. Grey, 47 Tex. Civ. App. 10, 102 S. W. 934.

The breach of her contract was therefore not a wrongful one and she incurred no liability in so doing. Johnson v. Van Winkle G. & M. Co., 130 N. C. 441, 41 S. E. 882.

For this reason plaintiff was not entitled to judgment upon the finding made in response to the issue requested by him.

■ Nor are the findings contradictory. Findings 5, 7, and 8 simply establish the right of defendant to discharge the plaintiff, and that her breach of the contract of employment was not wrongful.

■ As to the suggestion of condonation and waiver by the defendant, there is no pleading raising such an issue, and, in the absence of a statement of facts, it cannot be determined whether such an issue was raised by the evidence.

Affirmed.