**RANKIN v. Joe D. HUGHES, Inc., et al.**

No. 11138.

Court of Civil Appeals of Texas.
San Antonio.

April 15, 1942.

Rehearing Denied May 13, 1942.

Sears, Blades, Moore & Kennerly, of Houston, D. S. Purl, of Corpus Christi, Sam R. Fisher and Geo. D. Neal, both of Houston, and Paul A. Martineau, of Corpus Christi, for appellant.

Vinson, Elkins, Weems & Francis and C. M. Hightower, all of Houston, R. H. Mercer, of San Antonio, and Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellees.

MURRAY, Justice.

This suit was instituted by V. C. Rankin in the District Court of Nueces County against Joe D. Hughes, Inc., Brown & Root, Inc., and Globe Indemnity Company, seeking to recover damages for injuries sustained by plaintiff when an automobile driven by him collided with the rear end of a truck parked upon Highway No. 9, in Nueces County. The collision occurred after nightfall on January 13, 1939.

The trial was to a jury and, upon answers made to special issues submitted, judgment was rendered that plaintiff take nothing. From this judgment appellant has prosecuted this appeal.

Twenty-three special issues were submitted to the jury and their answers to these special issues would have supported a judgment against Joe D. Hughes, Inc., and Brown & Root, Inc., in the sum of $22,500, except for the fact that in answer to spe-

cial issue No. 16 the jury found that at the time of the collision Rankin was driving at a rate of speed in excess of forty-five miles per hour, and in answer to special issue No. 17, that such unlawful rate of speed was a proximate cause of the collision. In other words, the jury convicted the plaintiff of contributory negligence.

Appellant first contends that the answer of the jury to special issue No. 17 has no support in the evidence and should be disregarded. The jury found, by their answer to issue No. 17, that Rankin's driving his car in excess of forty-five miles per hour as he approached the place of the collision was a proximate cause of the collision. The evidence shows, among other things, that Rankin applied his brake when he was within about fifty or fifty-five feet of the parked truck and began to turn his car to the left. He failed to clear the truck, but did manage to turn his car enough to the left that only the right of his car struck the left of the truck and the load that it was carrying. It was a question of fact for the jury to determine from all the facts and circumstances whether or not if Rankin had been traveling at a slower rate of speed he might have been able to turn his car sufficiently to the left to have avoided the collision. There is evidence in the record to support the jury's answer to special issue No. 17. Anderson v. Reichart, Tex.Civ.App., 116 S.W.2d 772; Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982; Darden v. Denison, Tex. Civ.App., 3 S.W.2d 137.

Appellant's second point is that there is no evidence of probative force to support the jury's answer to issue No. 16, whereby the jury found that Rankin was operating his car at a rate of speed in excess of forty-five miles per hour. We overrule this contention.

The witness Ladd testified that he saw the lights from Rankin's car in the rear-view mirror and judged, from the way the lights were dancing around in the mirror, that the Rankin car was coming very fast. Ladd estimated the speed of the Rankin car at sixty or sixty-five miles per hour. He based his opinion not only on the way the lights were dancing in the mirror but also on the smoothness of the road, the distance covered and the force of the impact.

The witness Klett estimated the speed of the Rankin car at sixty miles per hour. He was a State Highway Officer and had investigated a number of automobile collisions on highways. He based his opinion on the skid marks on the pavement, the damage done to the two cars, etc. The testimony of Templin, another State Highway Officer who viewed the scene of the collision, was about the same as that of Klett. The testimony of these three witnesses was competent testimony and was sufficient to raise the issue of excessive speed.

Appellant next contends that the jury's answer to issue No. 17 is in conflict with the answers to issues Nos. 14, 18, 20, 21 and 22. These issues, together with the jury's answers thereto, are as follows:

"Special Issue No. 14. Do you find from a preponderance of the evidence that the plaintiff, V. C. Rankin, as he approached the place of the collision, failed to keep a proper lookout, as that term has been hereinbefore defined for you? Answer 'Yes' or 'No.'

"We, the jury, answer: No. * * *

"Special Issue No. 18. Do you find from a preponderance of the evidence that plaintiff, V. C. Rankin, as he approached the place of the collision, failed to have his car under such control as a person of ordinary prudence would have had, under the same or similar circumstances? Answer 'Yes' or 'No.'

"We, the jury, answer: No. * * *

"Special Issue No. 20. Do you find from a preponderance of the evidence that the failure of plaintiff, V. C. Rankin, to apply his brakes in time to avoid colliding with the rear truck was negligence, as that term has been hereinbefore defined for you? Answer 'Yes' or 'No.'

"We, the jury, answer: No. * * *

"Special Issue No. 21. Do you find from a preponderance of the evidence, that the plaintiff, V. C. Rankin, as he approached the place of the collision, was operating his car at such a rate of speed that it could not be stopped within the range of his headlights? Answer 'Yes' or 'No.'

"We, the jury, answer: No. * * *

"Special Issue No. 22. Do you find from a preponderance of the evidence that plaintiff, V. C. Rankin, as he approached the place of the collision, failed to have two front lighted lamps showing the white lights visible at least 500 feet in the direction from which his said motor vehicle was

facing? Answer 'Yes' or 'No.' We, the jury, answer: No."

 It will be noted that the jury did not find, by their answer to issue No. 14, that Rankin did keep a proper lookout, but only, from a preponderance of the evidence, that he did not fail to keep a proper lookout. Likewise, the jury, by their answer to issue No. 18, only found that they could not say, from a preponderance of the evidence, that Rankin failed to have his car under such control as a person of ordinary prudence would have had, under the same or similar circumstances. In answer to issue No. 20, the jury again refused to find, from a preponderance of the evidence, that the failure of Rankin to apply his brakes in time to avoid colliding with the truck was negligence. The jury's answer to issue No. 21 was that they could not find, from a preponderance of the evidence, that Rankin, as he approached the place of the collision, was operating his car at such a rate of speed that it could not be stopped within the range of his headlights. The jury's answer to issue No. 22 amounts to a statement that the jury could not find from a preponderance of the evidence that Rankin failed to have two front lighted lamps showing the white lights visible at least 500 feet in the direction which his car was facing. These negative findings are not in irreconcilable conflict with the affirmative finding of the jury in answer to special issue No. 17, to the effect that the excessive speed at which Rankin was traveling was a proximate cause of the collision. It is the duty of the court to reconcile the findings of the jury if it can be done, and judgment should be reversed only when the jury's findings are in absolute and hopeless conflict, and where such findings cannot all be true. Negative findings, such as were made by the jury herein to special issues Nos. 14, 18, 20, 21 and 22, do not destroy and are not in conflict with the affirmative finding made in response to issue No. 17. Ford Oil Co. v. Hughes, 90 S.W.2d 290; Townsend v. Young, Tex.Civ. App., 114 S.W.2d 296; Hicks v. Dunlap, Tex.Civ.App, 59 S.W.2d 884; Southland-Greyhound Lines v. Richardson, 126 Tex. 118, 86 S.W.2d 731, 732; Manlove v. La-velle, Tex.Civ.App., 235 S.W. 324; Austin v. De George, Tex.Civ.App., 55 S.W.2d 585.

 Appellant next contends that he should have been given a new trial because the jury, in their retirement, considered and discussed the effect of their answers to special issues Nos. 16 and 17. The only witness to testify to any facts that would in any way suggest misconduct on the part of the jury was the juror Harvey. His testimony is so vague, uncertain and contradictory as to whether or not any overt act of misconduct occurred in the jury room that the trial judge could have very properly concluded no overt act was committed during the deliberations of the jury, and, in view of the fact that the trial court overruled appellant's motion for a new trial, we must presume that he did so find. Furthermore, three other jurors testified that they did not hear any such discussion and, under all the facts, this was substantial denial of the discussion which Harvey had stated took place. Houston & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S.W. 606; Sproles Motor Freight Lines v. Juge, Tex.Civ.App., 123 S.W.2d 919; Lackey v. Southland Greyhound Lines, Tex.Civ.App., 35 S.W.2d 739; Manning v. Standard Oil Co. of Kansas, Tex. Civ.App., 67 S.W.2d 919.

Appellant's other assignments are without merit and are overruled.

The judgment is affirmed.