Andrew C. WEATHERLY, Appellant,

v.

W. W. BILLINGTON, Appellee.

No. 17131.

Court of Civil Appeals of Texas, Fort Worth.

July 10, 1970.

Garrett & Nation, and Fred D. Nation, Jr., Forth Worth, for appellant.

George Busch, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This appeal is from a judgment based upon a jury verdict in a case involving an intersection collision between two automobiles which occurred on November 4, 1967.

The appellee and the appellant will be referred to as plaintiff and defendant, respectively, as in the trial court.

The jury convicted the defendant on its findings of negligence and proximate cause on issues of excessive speed and failure to turn to the right. It found that the plaintiff was driving slower than a person of ordinary prudence in the exercise of ordinary care but that such action was not a proximate cause.

On appeal it is contended that the court erred in rendering judgment on the verdict because as a matter of law the plaintiff was driving too slowly and failed to yield the right-of-way and that the jury's failure to find against the plaintiff on the issues of right-of-way, proper lookout and driving too slowly are so against the weight of the evidence as to be clearly wrong. It is also urged that the court erred in permitting the investigating officer to state his opinion as to the speed of defendant's vehicle.

We affirm.

We have carefully reviewed the entire record in this cause. It is typical of most intersection collisions according to the testimony and evidence offered by both sides. No useful purpose can be served by a lengthy discussion of such evidence. It is enough to say that it would have supported a jury finding either way on all issues. It follows that there was ample evidence in support of the findings made by the jury and that such findings were not against the great weight and preponderance of the evidence. The members of the jury were the sole judges of the credibility of the witnesses and the weight to be given their testimony.

"We cannot adopt the theory that a jury verdict may be set aside because the record contains evidence of and gives equal support to inconsistent inferences." Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792 (1951).

Because the jury could have drawn different inferences or conclusions from the evidence than it did does not authorize this court to set aside its verdict.

We next consider the point involving the testimony of Officer Riley. He testified on direct examination that he had investigated collisions. In such investigations one of the things he did was to estimate the speed of a vehicle before collision. This he had done many times. His testimony was based primarily upon the 74 feet of skid marks caused by defendant's vehicle and the fact that at the end of the skid marks the defendant's car spun around and slid some ten (10) feet side-

**114**

ways. Additional facts considered by him in estimating the speed was that the plaintiff's car absorbed the impact of the defendant's car and its entire direction of travel was changed to a sideways direction from the point of impact over to the curb. On cross-examination the defendant did not disagree with the above facts. The defendant admitted to a speed of fifteen (15) miles per hour in excess of the speed limit prior to application of his brakes.

In view of the defendant's admission that he was driving fifteen (15) miles per hour in excess of the speed limit prior to application of his brakes we cannot see how Officer Riley's estimate of speed could reasonably be calculated to cause an improper jury answer to the issue on speed. Certainly it was not calculated to influence the jury in its findings on defendant's failure to make a right turn, or upon other issues it was required to answer.

In Texas Law of Evidence, McCormick and Ray, Chapter 26, "Opinion Evidence," Sec. 1401, "Qualification of Expert Witnesses," in discussing whether or not a person possesses sufficient qualifications to give an opinion, the authors cite a large number of cases in support of the proposition that this question is not even subject to review in the absence of a clear abuse of discretion on the part of the trial judge. It is said at page 235 of the same text, that: " * * * Whether the person offered possesses the required qualification is a preliminary question to be determined by the trial judge and should not be left to the jury. In the decision of this question our courts have wisely held that the trial judge has a wide discretion not subject to review in the absence of clear abuse."

See Rankin v. Joe D. Hughes, Inc., 161 S.W.2d 883, 885 (San Antonio, Tex.Civ. App., 1942, writ ref., w.m.), in which the court held that similar testimony to that here involved was competent to raise the issue of excessive speed.

All points of error are overruled and the judgment of the trial court is affirmed.