**JONES et ux. v. GIBSON. (No. 588.)**

Court of Civil Appeals of Texas. Eastland.
May 17, 1929.

Rehearing Denied June 14, 1929.

Conner & McRae, of Eastland, for appellants.

Grisham Bros., of Eastland, for appellee.

HICKMAN, C. J. The appeal is from a judgment for damages for personal injuries sustained by appellee from being struck by an automobile driven by appellants' minor son. The first three propositions present that the court erred in failing to define "new independent cause," a phrase used in the definition of proximate cause. Appellants timely objected to the charge on those grounds, the objection being in almost the identical words of the objection in the case of Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570. Appellee confesses error unless the case can be distinguished from the above case on account of the pleadings in the instant case. We are unable to see any distinction between the cases. The question of whether the negligence found by the jury was the proximate cause of the injury was essentially a fact issue to be determined by the jury. A proper definition of the terms used in defining proximate cause was therefore important, and on the authority of the case above cited, which was followed by this court in the recent case of Thomas v. Goulette (Tex. Civ. App.) 12 S. W.(2d) 829, we sustain these propositions, without considering any other propositions contained in appellant's brief.

Reversed and remanded.

FUNDERBURK, J. (dissenting). The jury found that T. A. Jones, Jr., was driving the car at the time it struck the plaintiff, Grady Gibson, at the rate of 40 miles per hour; that the driving of the car at such time and place and at said rate of speed was negligence; that the said T. A. Jones, Jr., did not warn the plaintiff of the approach of the car by sounding the horn or Klaxen or any device; and that his failure to warn plaintiff in some such manner was negligence. The jury further found that defendants, Tom Jones and wife, might reasonably have anticipated an accident as a consequence of permitting their son, T. A. Jones, Jr., to use the automobile in question; that they, in permitting him to use the car at the time and place, were guilty of negligence. The jury further found that plaintiff was not guilty of contributory negligence in failing to look

and observe the approach of the car at the time and place of the injury, and was not guilty of contributory negligence in driving his truck on the Bankhead Highway and parking the same on the south side, where he did park it, and from that position attempting to cross the Bankhead Highway under the conditions then existing.

From a reading of the statement of facts I fail to find any suggestion whatever in the evidence of any other cause of the injury, after excluding the acts of negligence and contributory negligence, which were formulated as issues and submitted to the jury, and upon which the jury made their findings as above stated. From this I am led to the conclusion that the evidence did not raise an issue of proximate cause. If plaintiffs and their minor son were guilty of the negligence charged and found by the jury, and the plaintiff, Grady Gibson, was not guilty of contributory negligence in any of the respects mentioned, and there being no suggestion in the evidence of any other cause for the injury, it seems to me that we are under the duty to hold, as a question of law, that the negligence was the proximate cause of the injury. It is just like any other material fact constituting an element of a cause of action. If the evidence raises an issue as to the proximate cause of an injury, a question for the jury is presented. But, on the other hand, if all the evidence shows that defendant's negligence was the proximate cause of the injury, it is not only not necessary to submit the question of proximate cause to the jury, but under some circumstances may constitute reversible error to do so.

In Texas & P. R. Co. v. McCoy, 90 Tex. 264, 38 S. W. 36, negligence was predicated upon the railroad having permitted its roadbed to get out of repair so that it had low places in it. Plaintiff was injured in undertaking to couple cars, having laid a crossbar on his knee as he, riding upon one car, approached the other car. The low place in the track caused the crossbar to crush his leg. In that opinion Judge Gaines said: "If the plaintiff had not placed the bar upon his knee, in the nature of things his knee could not have been injured by the downward pressure of the bar resulting from the low joint. Hence there was no question whether or not the act of the plaintiff contributed to the injury. As to his act, the sole question was, whether or not it was negligent? It has frequently been held reversible error to submit in a charge to a jury an issue not made by the evidence, unless it is clear that the jury were not misled thereby."

In Gulf, C. & S. F. R. Co. v. Rowland, 90 Tex. 365, 38 S. W. 756, Judge Gaines said: "Proximate cause, literally, means the cause nearest to the effect produced, but in legal terminology the terms are not confined to their literal meaning. Though a negligent act or omission be removed from the injury by intermediate causes and effects, yet if the party guilty ought reasonably to have foreseen the ultimate consequence, such negligence is deemed in law the proximate cause of the injurious effect." And again the court held that, there being no question that the negligence caused the injury, it was error to submit an issue of proximate cause.

In Culpepper v. International & G. N. Ry. Co., 90 Tex. 627, 40 S. W. 386, the negligence of the defendant was predicated upon an engineer failing, on stopping his train, to signal the brakeman to flag following trains, as required by his regulations. It was held that his default, if it was the cause of the injury, was a proximate cause, and that it was error to submit the question of proximate cause to the jury.

Parks v. San Antonio Traction Co., 100 Tex. 222, 94 S. W. 331, 98 S. W. 1100, involved the same question; but there, on the facts, it was held that the charge on proximate cause could not have misled the jury and was therefore harmless.

If proximate cause was not an issue necessary to be submitted to the jury, but the negligence was, as a matter of law, the proximate cause of the injury, and the jury having found the issues of proximate cause favorable to the plaintiff, it seems to me there could be no harm in the error of failing to define "new independent cause." From this I conclude that, at least so far as this point is concerned, the judgment of the trial court should be affirmed.

### On Motion for Rehearing.

HICKMAN, C. J. In his motion for rehearing appellee presents that the question of proximate cause is not in this case and prays that the judgment heretofore entered be set aside and an affirmance ordered, for the reasons set forth in the dissenting opinion, citing as authority only the cases cited in that opinion. Since the motion merely adopts the views of the dissenting opinion, what we state in disposing of the motion must necessarily appear as if it were written in reply to the dissenting opinion. The majority of the court would not ordinarily reply to a dissenting opinion and thereby appear to be conducting an open discussion with one of their associates, but in writing on this particular motion we are compelled to do so.

The only difference between the majority and the minority relates to the question of whether or not, as a matter of law, the negligent acts found by the jury to have been committed by appellants were the proximate cause of appellee's injuries. Undoubtedly, facts might exist in a given case which would be so conclusive in their nature as to establish, as a matter of law, that a certain act of negligence was the proximate cause of an

injury; but such cases are indeed rare, and an examination of the authorities will reveal but few instances in which facts have been so interpreted. In determining whether a certain negligent act was the proximate cause of an injury, only the facts are to be considered. The findings of the jury convicting the defendant of negligence and exonerating the plaintiff from contributory negligence are to be given no weight. To our minds, a holding that, since the jury found the defendants negligent and the plaintiff not negligent, and since there is absent from the record evidence that the injuries were inflicted by some other agency or cause, the question of proximate cause was thereby eliminated, is to practically do away with the well-established doctrine of proximate cause. In all negligence cases in which the plaintiff recovers there is a fact finding of negligence against the defendant, and where contributory negligence is pleaded and in any degree supported by evidence, a fact finding exonerating the plaintiff therefrom.

■ Nothing is better settled than that the question of whether an act of negligence was the proximate cause of an injury is a fact issue. This is true, even though the defendant be guilty of negligence per se. Waterman Lumber Co. v. Beatty, 110 Tex. 225, 218 S. W. 363. That question being a fact issue, then the general rule with reference to fact issues must be applied, and in order to justify the court in holding, as a matter of law, that a fact issue had been established to such an extent that same should not have been submitted to the jury, the evidence must be such as that ordinary minds could not differ with respect thereto.

■ One of the grounds of negligence found by the jury in the instant case, as against the minor, was the speed at which he was driving the car. An examination of the facts convinces us that there is great latitude within which reasonable minds could differ as to whether the injury would have occurred had the minor been driving at a slower rate of speed. To hold that the act of negligence in driving too fast was the proximate cause of the injury is to hold, as a matter of law, that the injury would not have occurred had the car been driven at a lawful rate of speed.

Another ground of negligence found by the jury was the failure of the driver to sound his horn. There was evidence in the record that the driver did not see appellee until he was within a few feet of him. There is abundant latitude for a difference of opinion as to whether the sounding of the horn would have prevented the injury. To hold that this act of negligence was the proximate cause of the injury, as a matter of law, is to hold that reasonable minds could not differ on the question of whether the injury would have occurred had the driver sounded his horn.

The particular finding of the jury upon which the judgment was rendered against the father and mother of the minor was the finding that the parents were guilty of negligence in permitting their son to use the car at the time and place of the injury. There is another finding that the father of the minor did not give his permission for his son to use the car at that time, and the evidence would support the conclusion that he did not know about it at all.

The suit is not predicated upon the doctrine of principal and agent, as are most cases in which parents are held liable for injuries inflicted by their children while driving an automobile, but upon the ground of negligence on the part of the parents in permitting their son to drive the automobile. In order to affirm this case and hold that the question of proximate cause was not a fact issue therein, we would be required to hold, as a matter of law, that the negligence of the parents in permitting their son to drive the car in question at the time and place of the injury was the proximate cause of the injury, and this in the face of a finding that the father did not give his permission for such use at said time. This court held in the recent case of Hutton v. Burkett, 18 S.W.(2d) 740, motion for rehearing in which case was overruled on last submission day, that we would not be warranted in holding a given act of negligence to be the proximate cause of an injury as a matter of law unless we could determine that reasonable minds could not differ on the question of whether the one guilty of negligence should have foreseen that the injury complained of, or one of similar nature, would result from the negligent act.

There is a finding in this case that the parents should have reasonably anticipated the accident furnishing the basis of this suit as a consequence of permitting their child to use the automobile, but the finding that the father did not permit him to use the automobile on the occasion in question at least raises some doubt as to whether he should have anticipated the consequences of his using it, as well as some doubt as to whether he could have been guilty of negligence in permitting him to use it.

To our minds there can be no possible distinction between this case and the case of Thomas v. Goulette, cited in our original opinion. We believe that decision was correct, and that it followed the well-established precedent therein cited, and are unwilling to overrule it.

The motion for rehearing will be overruled.