## EDSON et al. v. PERRY–FOLEY FUNERAL HOME.

### No. 10852.

Court of Civil Appeals of Texas. Galveston.

Oct. 5, 1939.

Rehearing Denied Oct. 26, 1939.

Fulbright, Crooker & Freeman, of Houston (John H. Crooker and Leon Jaworski, both of Houston, of counsel), for appellants.

Sam Neathery, Wood & Morrow, and Newton Gresham, all of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal in an action brought by Dwight J. Edson in his own behalf and as next friend of his four minor children, against Perry-Foley Funeral Home, a corporation, to recover damages alleged to have been sustained as a result of the negligent operation of an ambulance driven by an employee of appellee, which resulted in the death of his wife, Mrs. Ruth Edson, the mother of his four children, and injuries to his son, David Edson, and for damages to his automobile. In the same suit was joined an 'action by Dwight J. Edson, as next friend of his three-year old son, David Edson, for injuries sustained by David Edson as a result of such collision.

The suit arose out of a collision which occurred in the City of Houston on the afternoon of October 20, 1937, between an automobile being driven by Mrs. Edson, in which David Edson was also riding, and an ambulance owned by the appellee being driven by Carl Smith, one of its employees. At the time of the collision the ambulance was being driven south on Almeda Road. Mrs. Edson was proceeding in a westerly direction on Southmore Boulevard, which intersects Almeda Road at right angles. The collision occurred at the intersection of these two streets. Mrs. Edson died as a result of the injuries received in the collision. The minor, David Edson, sustained permanent personal injuries, and the Edson automobile was damaged.

Appellants alleged that Mrs. Edson was proceeding across Almeda Road having a green light signal in her favor when appellee's ambulance, proceeding at a fast rate of speed, passed through a red light and ran into her car. They alleged numerous specific acts and omissions on the part of appellee and its driver, claimed to amount to negligence proximately causing the accident.

Appellee alleged that its ambulance was being operated at a rate of speed which was permitted by an ordinance of the City of Houston to ambulances answering emergency calls; that it was on an emergency call at the time of the collision, and that although the ambulance passed through a red light, Mrs. Edson, had she been properly attentive to the conditions existing at and near the intersection in question, could have avoided the accident, but that she had failed to do so. Appellee alleged various acts and omissions on the part of Mrs.

Edson which it alleged amounted to contributory negligence.

The case was tried before a jury, who, in answer to special issues submitted, found, among other facts, that appellee's driver on the occasion in question entered the intersection of Almeda Road and Southmore Boulevard against a red light; that said driver failed to give a reasonable and proper warning of the approach of the ambulance to the intersection, and that each of said negligent acts proximately caused said collision; that as Mrs. Edson approached or started across Almeda Road she failed to keep a proper lookout for vehicles on Almeda Road approaching the intersection of Southmore Boulevard and Almeda Road from her right, and that such failure was a proximate cause of the collision in question; that on the occasion in question Mrs. Edson attempted to cross Almeda Road without first seeing whether such crossing could reasonably be made in safety, but that her attempting to cross Almeda Road under such circumstances did not constitute negligence, and that Mrs. Edson did not attempt to cross Almeda Road without first ascertaining whether or not there was any danger in attempting to cross at that time. They assessed damages in favor of each of appellants in various sums.

Based on the findings of contributory negligence on the part of Mrs. Edson, the trial court overruled a motion made by appellants to disregard the jury's findings and to enter judgment in their favor, and entered judgment in favor of appellee in all particulars, save that, since Mrs. Edson's contributory negligence was not imputable to the injured minor, David Edson, judgment was entered in his favor for injuries sustained by him.

It is the contention of appellants that, since Mrs. Edson, at the time of the collision, was proceeding with a green light traffic signal in her favor, she was warranted in entering said intersection without keeping a lookout to her right for vehicles approaching said intersection, and that her failure to do so cannot, as a matter of law, constitute negligence.

We have been referred to no Texas cases with a similar state of facts which sustain appellants' contentions or which pass on the exact question here presented. We have, however, been referred to numerous authorities from other jurisdictions which uniformly hold that the modern traffic signal system does not relieve the

driver of a vehicle of the duty of maintaining an adequate lookout on entering an intersection to determine whether the conditions at or near the intersection are such as may affect his safety.

In the case of Byrne v. Schultz, 306 Pa. 427, 160 A. 125, 127, which involved an intersection collision with a state of facts similar to those in the instant case, with the exception of the fact that the crossing in question was guarded by signals given by a traffic officer, instead of signal lights, as in the instant case, it is held that due care is required at .intersections under all circumstances whether or not a traffic officer or signal is present, and that a driver "must be vigilant, must exercise a high degree of care, must have his car under complete control, and must look, and see what is visible, before attempting to cross the intersecting .street." The court further held that this duty has not been relaxed by the introduction of traffic officers and signals, both of which are intended to facilitate traffic and render crossings less dangerous, and that a driver is still bound with the same degree of care as before the introduction of these modern aids to travel.

In the case of Plunkett v. Heath, —— Misc. ——, 1 N.Y.S.2d 778, which involved an intersection collision between plaintiff's car, which had entered the intersection upon a green light, and the defendant's car, the court held that it was plaintiff's duty to look and that he is charged with what he could have seen and that under the circumstances he was guilty of contributory negligence, even though he entered the intersection on a green light.

In the case of Adams v. Berkun, —— Misc. ——, 2 N.Y.S.2d 98, 99, an intersection collision case, the plaintiff sought to free himself from contributory negligence upon the theory that he was proceeding with a green light˙ across the intersection when the collision occurred. The court, in denying this contention, said: "The fact that a motorist may have a green light or go signal in his favor does not give him an absolute right to proceed without regard to others, whether they be motorists or pedestrians, who are in the intersection."

The case of Thomas v. Roberts, La.App., 144 So. 70, 71, involved a collision at an intersection of two streets. Plaintiff's son drove into the intersection with a green light facing him. The defendant's truck, travelling at an excessive rate of speed, entered the intersection after the traffic light at the corner had turned red against him. The court held that the defendant driver was guilty of negligence in violating the statute by entering on the red light, but that the trial court was justified in holding the plaintiff's son guilty of contributory negligence in not keeping a proper lookout.

The case of Kerns v. Lewis, 246 Mich. 423, 224 N.W. 647, involved a collision at an intersection of the main highway with a secondary road. The court in its opinion held that the defendant was entitled to the submission of an issue as to plaintiff's contributory negligence in failing to discover defendant's presence, even though by statute he had the right of way.

This rule is followed by the Supreme Court of Wisconsin in the case of Whyte v. Lindblom, 216 Wis. 21, 255 N.W. 265, 256 N.W. 244.

We think that under the evidence in this case the issue as to whether Mrs. Edson kept such a lookout for traffic coming from her right as she started to cross the intersection of Southmore Boulevard and Almeda Road was a fact issue to be determined by the jury, and that the jury having found, under the evidence, that her failure to keep such lookout was contributory negligence, the trial court was justified in giving effect to that finding in rendering his judgment.

Appellants further contend that irreconcilable conflicts exist upon material issues, precluding the entering of a judgment, in the finding of the jury in answer to special issue No. 12, that Mrs. Edson failed to keep a proper lookout for vehicles approaching from her right as she approached or started to cross Almeda Road, with the findings of the jury in answer to special issue No. 32, that Mrs. Edson did not attempt to cross Almeda Road without first ascertaining whether or not there was danger in attempting to do so at that time, and in the jury's findings in answer to special issue No. 12 and special issues Nos. 14 and 15, in which the jury found in answer to special issue No. 14, that Mrs. Edson attempted to cross Almeda Road without first seeing that such crossing could reasonably be made in safety, and in answer to special issue No. 15, that such failure did not constitute negligence.

Special issue No. 12 reads:

"Do you find from a preponderance of the evidence that as Mrs. Edson approached or started to cross Almeda Road she

failed to keep a proper lookout for vehicles on Almeda Road approaching the intersection of Southmore and Almeda Road from her right?

"In this connection you are instructed that by the term 'proper lookout' is meant such lookout as a person of ordinary prudence, in the exercise of ordinary care, would have kept under the same or similar circumstances."

The jury answered, "Yes".

Special issue No. 32 reads:

"Do you find from a preponderance of the evidence that Mrs. Edson attempted to cross Almeda Road without first ascertaining whether or not there was any danger in attempting to cross Almeda at that time?"

The jury answered, "No".

Special issue No. 14 reads:

"Do you find from a preponderance of the evidence that on the occasion in question Mrs. Edson attempted to cross Almeda Road without first seeing whether such crossing could reasonably be made in safety?"

The jury answered, "Yes".

Special issue No. 15 reads:

"If you have answered the preceding special issue (No. 14) 'yes', and only in that event, then answer:

"Do you find from a preponderance of the evidence that her attempting to cross Almeda Road under such circumstances, if you have found that she did so attempt, constituted negligence?"

The jury answered, "No".

■ The courts of this state have uniformly held that where there is an irreconcilable conflict in findings, and that where a verdict is conflicting on material issues, it will not support a judgment for either party, but is tantamount to a mistrial. Mays et al. v. Smith et al., Tex.Civ.App., 95 S.W. 2d 1342; Barnes Bros. v. International & G. N. R. Co., Tex.Com.App., 1 S.W.2d 273; Stiles v. Union Terminal Co., Tex.Civ. App., 1 S.W.2d 947; Texas & N. O. R. Co. v. Houston Undertaking Co., Tex.Civ. App., 218 S.W. 84; Muckleroy v. C. S. Hamilton Motor Co., Tex.Civ.App., 33 S.W. 2d 260:

■ An analysis of the findings of the jury in answer to special issue No. 12 and special issue No. 32, we think, shows an irreconcilable conflict. Unquestionably, if Mrs. Edson before attempting to cross Almeda Road had first ascertained that there was no danger in attempting to cross said intersection, as was found by the jury in answer to special issue No. 32, then she was bound to have kept a proper lookout to the right, which the jury, in answer to special issue No. 12, said she failed to do, since it is impossible to ascertain that a street can be crossed with safety without looking in both directions.

■ We think there is also an irreconcilable conflict in the answers of the jury to special issue No. 12 and special issues Nos. 14 and 15. In answer to special issue No. 12, which contains a definition of "proper lookout", which dispenses with the submission of a subsequent issue inquiring as to whether or not the failure to keep such lookout constitutes negligence, the jury found that Mrs. Edson was guilty of negligence in failing to keep a proper lookout for vehicles approaching said intersection from her right as she started to cross Almeda Road. In answer to special issue No. 14 the jury found that on the occasion in question Mrs. Edson attempted to cross Almeda Road without first seeing whether said crossing could reasonably be made in safety, and in answer to special issue No. 15 it found her act in attempting to cross Almeda Road without first seeing whether such crossing could reasonably be made in safety, did not constitute negligence. In other words, it found in answers to special issues Nos. 14 and 15 that a failure to keep a lookout under the circumstances surrounding Mrs. Edson at the time she attempted to cross Almeda Road did not constitute negligence, and in answer to special issue No. 12 it found that she did not keep a proper lookout to the right and that she was guilty of negligence under the court's definition of proper lookout.

We think that the answers of the jury to the above special issues constitute irreconcilable conflicts which cannot be reasonably and logically made compatible and that they cannot form a proper basis for the judgment rendered.

For the above reasons, the judgment of the trial court in favor of the appellee against the appellants is reversed and the cause remanded for another trial; the judgment for the sum of $500 against the appellee and in favor of the minor, David Edson, is in all things affirmed.

Affirmed in part, and in part reversed and remanded.