LIBERTY FILM LINES, INCORPORATED, V. W. W. PORTER ET UX.

No. 7583. Decided January 29, 1941.
(146 S. W., 2d Series, 982.)

*D. A. Frank, D. A. Frank, Jr.,* of Dallas and*Darden, Burleson & Wilson,* of Waco, for plaintiff in error.

On the question of whether the issue of proximate cause should be submitted to the jury: Ball v. Youngblood, 252 S. W. 873; Larson v. Whitten, 111 S. W. (2d) 736; 5 Texas Jur., sec. 92.

*Smithdeal, Shook & Lefkowitz,* of Dallas, for defendants in error.

The right of the appellate court to determine whether or not there was an existence of proximate cause. International & G. N. Ry. Co. v. Hawthorne, 131 Texas 622, 116 S. W. (2d) 1056; Carey v. Pure Distributing Co., 133 Texas 31, 124 S. W. (2d) 847; Texas & Pac. Ry. Co. v. Bigham, 90 Texas 223, 38 S. W. 162.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Defendants in error, Mr. and Mrs. W. W. Porter, filed this suit in the trial court against plaintiff in error, Liberty Film Lines, Inc., to recover damages for personal injuries sustained by them in a collision between the automobile in which they were riding and a truck belonging to plaintiff in error and being operated at the time of the collision by its employee. In answer to various issues submitted in the court's charge the jury found that the truck driver was negligent in several particulars, each of which was a proximate cause of the collision. In answer to other special issues the jury found that Porter was negligent in certain particulars, each of which was found to have proximately contributed to cause the collision. Because of the findings on the issues of contributory negligence the trial court rendered judgment that the Porters take nothing. On appeal the Court of Civil Appeals at Dallas reversed the judgment of the trial court and rendered judgment in favor of the Porters for $12,500, the amount of damages found by the jury, Associate Justice Young dissenting. 127 S. W. (2d) 480.

As we understand the majority opinion, it is based upon the conclusion, not that the findings of negligence on the part of Mr. Porter were not well supported, but that the findings that such acts of negligence proximately contributed to cause the collision were wholly without support in the evidence. In granting the application for writ of error this notation was made: "We are inclined to agree with the dissenting opinion."

A careful consideration of the record after submission has confirmed us in the view there tenatively expressed. We agree with that opinion on the questions discussed, and percieve no reason for a repetition or restatement thereof. For the reasons therein pointed out, it is our conclusion that the judgment of the Court of Civil Appeals reversing the judgment of the trial court and rendering judgment in favor of defendants in error should be reversed.

The opinion of the majority, after announcing the conclusion that the judgment of the trial court should be reversed and judgment rendered in favor of the Porters, makes this statement:

"However, if it can correctly be said that the record reveals any evidence tending to show the existence of a proximate cause in either of the acts of contributory negligence, of which appellants were convicted by the jury; in such event, our conclusion would be that, the evidence to the contrary being so preponderating, we would be unwilling to affirm the judgment,

but, for that reason, and for additional reasons which will now be stated, would reverse the judgment and remand the cause for further proceedings."

The "additional reasons" referred to above were irreconcilable conflicts in the findings of the jury. The dissenting opinion above approved discusses the question of conflicts and we are in agreement with the conclusion there announced with reference thereto. The judgment of the trial court should not be reversed on the ground of conflicts.

There remains the question of the character of judgment which should be entered here. We are informed by the opinion of the majority of the Court of Civil Appeals above quoted that in no event would that court affirm the trial court's judgment, but that, had it not rendered same, it would have reversed and remanded same on the ground that certain answers of the jury were against the overwhelming preponderance of the evidence. With such a disclosure made by the Court of Civil Appeals in its opinion, it is insisted that since that court has final jurisdiction of the question of the sufficiency of the evidence to support jury findings, we have no power to affirm the judgment of the trial court. Defendants in error in their written argument in this Court advance this proposition of law:

"Where the Court of Civil Appeals, in reversing a judgment of the trial court, reverses and renders such judgment on account of its holding of no evidence to support the verdict of the jury, and, at the same time, either by necessary implication or by an express statement to that effect, discloses that it would have likewise held the evidence insufficient to support the verdict and would have reversed on that account, then the Supreme Court, even though it does not agree with the holding of the Court of Civil Appeals that there is no evidence, is bound by Statute and the Constitution and prior decisions of the Supreme Court to respect the further holdings that the evidence was insufficient, and to reverse and remand said cause to the lower court for a new trial, and is without Statutory or Constitutional authority to reverse and render said judgment or to reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court."

A number of cases are cited in support of the proposition. Typical of the cases is Chapman v. Kellogg (Com. App.) 252 S. W. 151. The situation there before the court was somewhat similar to that in the instant case. The Court of Civil Appeals had held that there was no evidence supporting certain find-

ings. The Supreme Court through the Commission of Appeals, held that there was some evidence supporting same, and in determining the character of judgment to be rendered this language was used in the opinion:

"We think, as already stated, that the findings of the jury have considerable basis in the record, and we cannot recommend an affirmance of the judgment of the Court of Civil Appeals. On the other hand, we cannot recommend an affirmance of the trial court's judgment. The finding that there is no evidence in the record to sustain the trial court's judgment ordinarily includes the lesser finding that said judgment is against the weight of the evidence and that the same court would have remanded the case because of the insufficiency of the evidence, if that had been necessary. Such a remand is binding on the Supreme Court. * * *."

■ We have not investigated the record in that case or the other cases cited for the purpose of determining whether there were assignments in the Court of Civil Appeals questioning the sufficiency of the evidence to support the findings of the jury. If there were such assignments, then manifestly the proper disposition was made of the case. In the instant case we have carefully examined the brief filed by the Porters in the Court of Civil Appeals and find that it contains no assignments which invoke the jurisdiction of that court to decide the question of fact as to whether or not any of the answers of the jury to the several special issues were against the great weight and overwhelming preponderance of the evidence, or, to state it differently, whether the evidence was sufficient to support such findings. The assignments complained of the findings on the ground that there was no evidence to support them. In such state of the record it is well settled that the Court of Civil Appeals would have no jurisdiction or authority to pass on the question of the sufficiency of the evidence to support the findings.

■ Because of the somewhat uncertain state of the authorities upon the question one of the courts of civil appeals certified same to the Supreme Court in the case of Hall Music Company v. Robinson, 117 Texas 261, 1 S. W. (2d) 857. In answering the certificate in that case the Supreme Court definitely set the question at rest by its holding that an assignment presenting only the question of no evidence, which is a question of law, does not invoke the jurisdiction of the Court of Civil Appeals to decide the question of the sufficiency of the evidence

to support a jury finding, a question of fact. Had there been assignments in the Court of Civil Appeals invoking its jurisdiction to pass upon the question of the sufficiency of the evidence to support these various findings, we would doubtless remand this cause directly to the trial court on the statement in the opinion of the Court of Civil Appeals above set out. But there are no such assignments. The Court of Civil Appeals is therefore without power to do that which it stated in the majority opinion it would do, that is, reverse the judgment of the trial court and remand the cause upon the ground of the insufficiency of the evidence. The correct practice is outlined in the case of Ochoa v. Winerich Motor Sales Co., 127 Texas 542, 94 S. W. (2d) 416.

■ Since we have held contrary to the holding of the majority of the Court of Civil Appeals, that there was some evidence supporting the answers of the jury complained of, and that such answers are not so in conflict as to be mutually destructive; and since there is no assignment presenting the question of the sufficiency of the evidence in the Court of Civil Appeals, it results that, in our opinion, the trial court has rendered an errorless judgment. By that we mean to say that no error is assigned thereto which could be sustained. Of course, it is fundamental that an appellate court will not reverse an errorless judgment.

It is therefore ordered that the judgment of the Court of Civil Appeals, which reversed the judgment of the trial court and rendered judgment in favor of defendants in error, be reversed and the judgment of the trial court affirmed.

Opinion adopted by the Supreme Court January 29, 1941.