## VOLKMER v. CURLEE.

No. 12603.

Court of Civil Appeals of Texas.

Galveston.

Oct. 22, 1953.

Rehearing Denied Nov. 12, 1953.

Cullen Vance, Edna, and Guittard & Henderson, Richard Henderson, Victoria, for appellant.

David C. Whitlow, Edna, and Hill, Brown, Kronzer & Abraham and W. James Kronzer, Houston, for appellee.

HAMBLEN, Chief Justice.

This is an action by James Curlce against Frederick Volkmer to recover damages for personal injuries sustained in an automobile collision. Trial was before a jury which, in response to special issues submitted, found the defendant, Volkmer, guilty of several acts of negligence proximately causing the collision. The jury also found the plaintiff, Curlee, guilty of contributory negligence in failing to keep a proper lookout, which they found was a proximate cause of the collision. The trial court, after receiving such verdict, upon motion of the plaintiff, disregarded the finding of the jury on contributory negligence and entered judgment for the plaintiff against the defendant in the amount of $18,000, the amount found by the jury. The asserted error of the trial court in rendering such judgment forms the basis of this appeal.

The collision occurred at a right-angle intersection. Appellant, Volkmer, defendant below, was traveling west on Koop Settlement Road. Appellee, Curlee, was traveling north on Farm-to-Market Road No. 234. The actual impact took place at about the center of the intersection, the front of appellant's automobile striking the right side of appellee's automobile. There was a stop sign erected about 20 feet from the intersection on Koop Settlement Road, controlling traffic on that road entering the intersection. Appellant testified that he was traveling about 35 or 40 miles per hour as he approached the intersection, that he applied his brakes pursuant to the traffic control sign but for reasons for which he could not account his automobile failed to respond. He further testified that he did not see appellee's automobile until the very moment of impact. Appellee testified that he first saw appellant when he (appellee) was 50 to 75 feet from the intersection. Appellee was traveling 55 or 60 miles per hour. When he saw appellant's automobile, it was in motion back of but close to the stop sign. He testified that he did not have time to do anything to avoid the collision because it occurred, as he expressed it, "just in a flash." The only other evidence pertinent to the question involved consisted of a verbal description of the intersection and two photographs portraying the intersection from the direction in which each party approached it.

Appellee, in support of the action of the trial court, argues that the testimony of appellee conclusively shows that he kept a proper lookout. He concedes that since this is the testimony of an interested party, the jury was entitled to disbelieve and disregard the testimony either in whole or in part. However, contends appellee, to disregard his testimony would leave the record completely silent upon the issue of lookout and the jury would have no evidence upon which to base an affirmative finding that appellee failed to keep a proper lookout. Appellant, on the other hand,

contends that there was sufficient and ample evidence to raise and support the defensive issue on lookout and that the trial court improperly disregarded the jury's finding thereon. Each litigant, in able and well-prepared briefs, cites numerous authorities in support of his contentions. As might be anticipated, none of the cited authorities presents a fact situation identical with the one here presented and is consequently of value only in the general principles of law discussed. It is our undertaking to apply these general principles to the facts in this case.

▇ Courts are without authority to set aside jury verdicts particularly on questions of negligence and proximate cause in damage suits upon conflicting facts. The undisputed facts must be ample and clear and the circumstances most exceptional to justify such action. Chief Justice Hickman, while on the Eastland Court of Civil Appeals, stated the rule in the case of Jones v. Gibson, 18 S.W.2d 744, 745, as follows:

"Undoubtedly, facts might exist in a given case which would be so conclusive in their nature as to establish, as a matter of law, that a certain act of negligence was the proximate cause of an injury; but such cases are indeed rare, and an examination of the authorities will reveal but few instances in which facts have been so interpreted."

In the case of Liberty Film Lines, Inc., v. Porter, 136 Tex. 49, 146 S.W.2d 982, 984, the Supreme Court approved the following language from a dissenting opinion of the Court of Civil Appeals, 127 S.W.2d 480, in that case:

"The general rule inversely stated is, that the jury's province is invaded in holding a given act of negligence not to be the proximate cause of an injury as a matter of law, unless it appears that reasonable minds could not differ in the manner of the negligent party's 'foreseeability'; in other words, that the plaintiffs ought not to have foreseen or anticipated that the injury complained of, or one of similar nature, would result from the negligent act. Jones v.

Gibson, supra; 30 Tex.Jur. Negligence, Sec. 63, p. 724."

▇ Many other authorities might be cited, all leading to the conclusion that finding by a jury on proximate cause may be disregarded only when one of two conditions exist: first, there must be no evidence to support the finding; or second, the finding must be so contrary to the overwhelming preponderance of the evidence as to be clearly wrong.

We have very carefully examined the record in this case insofar as it is material to the issue presented on this appeal. From this examination we feel that the following conclusions may properly be reached.

Even if we disregard appellee's testimony to the effect that he was 50 to 75 feet from the intersection when he first saw appellant and that appellant at that time had not reached the stop sign, the further undisputed evidence presented by the photographs and the physical facts of the impact, in themselves, negative forseeability. The photograph of the intersection from the direction from which appellee approached clearly shows the stop sign on Koop Settlement Road. The fact that appellee's automobile was struck broadside by the front of appellant's automobile shows conclusively that appellee entered the intersection before appellant entered it. By deduction it must be concluded that at any time when appellee could have seen appellant, appellant was bound to have been back of the stop sign. To hold then that appellee's failure to keep a proper lookout was a proximate cause of the collision in question, we would perforce have to hold that appellee should have foreseen that appellant would not comply with the stop sign and would unlawfully enter the intersection. This we are not prepared to hold under the facts in this case.

In the case of Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063, the Commission of Appeals of Texas held that a pedestrian crossing a street on a proper signal light is not charged by law with the duty of looking up the street beyond the in-

tersection to discover approaching cars and *anticipating* that the drivers may disobey signal lights. (Emphasis added.)

Upon casual examination, the holding in the Seinsheimer case might seem to be contrary to the holding of this Court in the case of Edson v. Perry-Foley Funeral Home, 132 S.W.2d 282. The Edson v. Perry-Foley Funeral Home case is authority for the proposition that the existence of a modern traffic signal system at an intersection does not relieve the driver of a vehicle of the duty of maintaining a proper lookout. The opinion in the Edson case does not reflect the relative position of the two vehicles with reference to the signal lights immediately before the collision, but it must be presumed that the facts must have been such as to support a finding of proximate cause. That such facts do not exist in the instant case, we feel can be clearly demonstrated.

Appellant testified that as he approached the intersection he observed the stop sign. He applied his brakes expecting to stop and was surprised when he failed to stop, and even after the event could not explain his failure to stop. It must be inferred that as appellant approached the intersection his speed was such and his control of his vehicle was such that he anticipated bringing his vehicle to a stop. And for the jury to hold that the failure of appellee to keep a proper lookout was a proximate cause of this collision, it would be necessary for the jury to find that appellee should have foreseen the occurrence of an event, the happening of which appellant himself cannot explain and the opposite of which appellant anticipated. To so find would be contrary to the experience of mankind.

We feel that in finding that the failure of appellee to keep a proper lookout was a proximate cause of the collision in question, the jury failed to note the absence of the essential element of foreseeability and, therefore, such finding is a matter of law clearly wrong. The trial court properly disregarded such finding and rendered judgment for appellee. Since no other ac-

tion by the trial court is complained of by appellant, the cause is affirmed.

## On Rehearing

In a most forceful motion for rehearing, appellant contends that our holding is in conflict with the decision of the Supreme Court in Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063, the decisions of this Court in Edson v. Perry-Foley Funeral Home, 132 S.W.2d 282, and Tidy Didy Wash v. Barnett, Tex.Civ.App., 246 S.W.2d 303, and with the decision of the Texarkana Court of Civil Appeals in Todd v. LaGrone, 234 S.W.2d 99.

Despite the forceful and analytical argument made by appellant in his motion, we do not agree that our opinion is in conflict with the cited cases. We did not hold, as a matter of law, that appellee was not required to foresee or anticipate the possibility that appellant's vehicle might not stop as required by the stop sign. On the contrary, it was our undertaking to distinguish this case from the cited cases, by pointing out that the appellant, charged though he was with the burden of proving both negligence and causation on this defensive issue of proper lookout, not only failed to offer any proof from which a finding of proximate cause could be made, but by his own testimony which we have referred to, and by which he is bound under any view of the evidence, expressly negatived the element of foreseeability essential to a finding of proximate cause. . . .

Neither did we hold that the finding of the jury was so contrary to the overwhelming preponderance of the evidence as to be clearly wrong, although we construe Hopson v. Gulf Oil Corp., Tex.Sup., 237 S.W.2d 352, to hold that a finding of "no evidence," necessarily includes a finding that the verdict is against the great weight and preponderance of the evidence. Our reference to such possible finding was made for the purpose of emphasizing that our conclusion was based upon a finding of no evidence, as a matter of law, thus calling for an affirmance of the trial court, and was not

based upon a fact finding of insufficient evidence, which would have called for a remand of the case. With this clarification of our original opinion, we refuse appellant's motion for rehearing.