**Emmett C. SMITH and H. W. Smith, Contestants,**

**v.**

**Mattie B. SMITH, Administratrix with the Will Annexed, of the Estate of R. W. Smith, Deceased, Proponent.**

**No. 5056.**

Court of Civil Appeals of Texas.

El Paso.

Dec. 15, 1954.

Rehearing Denied Jan. 12, 1955.

Archer & Hazlewood, E. T. Miller, Amarillo, H. O. Metcalfe, Marfa, Cade & Bowlin, Lubbock, for appellants.

W. O. Shafer, Odessa, Robert C. Dow, Lovington, N. M., Burford, Ryburn, Hincks & Ford, Bruce Graham, and J. Cooper Blankenship, Dallas, for appellee.

McGILL, Justice.

This is a will contest case. Appellants are sons of the decedent R. W. Smith. They were contestants in the trial court. Appellees are Mrs. Mattie B. Smith, surviving widow of the deceased, and certain devisees of his will. They were proponents in the trial court.

Three holographic instruments dated July 28, 1952, July 30, 1952 and August 17, 1952 were admitted to probate as the last will and testament of R. W. Smith, deceased, by the 83rd Judicial District Court of Brewster County on appeal from a judgment of the County Court of Brewster County, which also admitted said instruments to probate as the last will and testament of the deceased. Trial in the district court was to a jury. The case was submitted on special issues which inquired whether the deceased had testamentary capacity on the dates of the respective instruments. The findings were that he did have such capacity.

The only point presented on this appeal is that the trial court erred in holding that there was sufficient evidence to support the finding of the jury that the deceased was mentally capable of making a will. Appellees state that the rule by which we are governed is that enunciated in Baker v. Mays & Mays, Tex.Civ.App., 199 S.W.2d 279, 282. In discussing the question of whether evidence was sufficient to support the verdict in that case the court said:

"Applicable here is the settled rule often repeated by the courts; we venture to quote it again: 'If, disregarding all adverse evidence, and giving credit to all evidence that is favorable to the successful party (appellees here) and indulging every legitimate conclusion that is favorable to him (them) a jury might have found in his (their) favor, then it is to be concluded that there is evidence to support the verdict'."

Appellees cite 17 Texas Jurisprudence, p. 910, Section 410, in support of this proposition.

██ We are not at all certain that this is the applicable rule in view of the pronouncement of the Commission of Appeals in Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982, (Op. adopted) in which the court said:

"In the instant case we have carefully examined the brief filed by the Porters in the Court of Civil Appeals and find that it contains no assignments which invoke the jurisdiction of that court to decide the question of fact as to whether or not any of the answers of the jury to the several special issues were against the great weight and overwhelming preponderance of the evidence, or, to state it differently, whether the evidence was sufficient to support such findings." 146 S.W.2d loc. cit. 987.

In other words, the assignment that the evidence is insufficient to support the verdict seems to be treated the same as an assignment that the verdict is against the great weight and overwhelming preponderance of the evidence. Such an assignment unquestionably requires us to look at all the evidence, that which tends to support the verdict and that which tends to destroy it. Therefore, we have read the entire statement of facts in this case. We are well satisfied that the evidence is not only sufficient but ample to support the jury's finding of testamentary capacity on the relevant dates. There is pictured an elderly gentleman with perhaps some idiosyncracies not common to all men of that age, but certainly not revealing an unsound mind or a mind incapable of realizing the nature and extent of his property and the nature and objects of his bounty or the effect of the instruments he wrote with the intention that they should constitute his will. Certainly we cannot say that as a matter of law or fact the evidence is insufficient to support the jury findings.

The judgment is affirmed.