Micaela BURGOS, a feme sole, Appellant,

v.

Simon RODRIGUEZ et al., Appellees.

No. 5234.

Court of Civil Appeals of Texas.

El Paso.

July 24, 1957.

Rehearing Denied Sept. 25, 1957.

Guinn & Guinn, Joseph J. Rey, El Paso, for appellant.

E. B. Elfers, Joseph A. Calamia, Wellington Chew, El Paso, for appellees.

WILLIAMS, Justice.

Appellant states the nature of the case and his contentions for appeal in the following manner:

This was a suit in the Sixty-fifth District Court by Micaela Burgos for the wrongful death of her minor daughter, against Simon Rodriguez and his minor daughter, Julieta Rodriguez, plaintiff alleging the entrustment of a car by defendant to his minor daughter, who did not have a driver's license as required by Article 6687b, Section 7, of the Vernon's Ann.Civ.St. of the State of Texas, and negligence of the minor daughter in violation of the laws of the State in failing to yield right of way to the pedestrian in a cross-walk, failure to keep a proper lookout and passing a car at an intersection, among other acts of negligence. The court entered judgment for the defendants on the jury findings. The appeal was properly taken to this court.

Appellant assigns several errors, but argues them all together, and does not cite one single authority in support of his contentions. Appellant's contentions on appeal are expressed in his brief as follows:

"The Court will see that in answer to Question No. 6 at page 12 of the Transcript and Question No. 25 at page 16 of the Transcript, the Jury found that the deceased child was crossing within the pedestrian cross walk at the

time she was struck by Julieta Rodriguez. The Court will further see that in Question No. 7 the Jury found that the Defendant failed to yield right of way to the deceased child, and in Question No. 26 at page 16 of the Transcript that the deceased did not suddenly leave the curb and in answer to Question No. 33, page 18, of the Transcript, that deceased did not fail to keep a proper lookout."

In answer to Question No. 7, the jury did find that Julieta Rodriguez failed to yield the right of way, but in answer to Question No. 8, the jury found that this failure was not negligence. It likewise found, in answer to Question No. 14, that the failure of Julieta Rodriguez to have a Texas operator's license was not a proximate cause of said accident. It likewise found, in answer to Question No. 15, that Simon Rodriguez was not negligent in trusting his automobile to his daughter without first ascertaining if she had a valid operator's license. In fact, the jury absolved all parties of negligence. Consequently, there is no finding of proximate cause. In answer to Question 35, it was found that the accident was an unavoidable accident, and in Issue 36, it found that there was no damage.

■ Appellant contends that, since Julieta Rodriguez did not have a Texas driver's license, and since she did not yield the right of way, she was guilty of negligence as a matter of law, and that that negligence was a proximate cause, as a matter of law. Especially with this latter contention we cannot agree. 30B, Tex.Jur. 208, Sec. 36, is in part as follows:

"Without a showing of proximate cause, the actor may not be held responsible on the ground that he has been guilty of negligence per se, or has failed to conform to statutory requirements."

We therefore hold that any such negligence as may have existed as a matter of law did not constitute a proximate cause as a matter of law under these circumstances, more especially since the jury has found that same was an unavoidable accident. Jones v. Gibson, Tex.Civ.App. Eastland, 1929, 18 S.W.2d 744, 745, is a case very similar to this one in facts. The exact contention was made therein as is made by appellant here. Judge Hickman, now Chief Justice of the Supreme Court, wrote the opinion and held squarely against appellant's contention. Excerpts from the opinion are:

"Undoubtedly, facts might exist in a given case which would be so conclusive in their nature as to establish, as a matter of law, that a certain act of negligence was the proximate cause of an injury; but such cases are indeed rare, and an examination of the authorities will reveal but few instances in which facts have been so interpreted. * * *

"Nothing is better settled than that the question of whether an act of negligence was the proximate cause of an injury is a fact issue. This is true, even though the defendant be guilty of negligence per se. Waterman Lumber Co. v. Beatty, 110 Tex. 225, 218 S.W. 363. That question being a fact issue, then the general rule with reference to fact issues must be applied, and in order to justify the court in holding, as a matter of law, that a fact issue had been established to such an extent that same should not have been submitted to the jury, the evidence must be such as that ordinary minds could not differ with respect thereto.

"* * * To hold that the act of negligence in driving too fast was the proximate cause of the injury is to hold, as a matter of law, that the injury would not have occurred had the car been driven at a lawful rate of speed."

This case has been cited with approval and followed in many recent cases:

Womack v. Hazelwood, Tex.Civ.App. Dallas, 1954, 271 S.W.2d 699, at page 701 (ref. n. r. e.); Volkmer v. Curlee, Tex.Civ. App. Galveston, 1953, 261 S.W.2d 870, at page 872 (ref. n. r. e.); City of Austin v. Salazar, Tex.Civ.App. Austin, 1951, 241 S.W.2d 445, at page 456 (ref. n. r. e.).

Although the jury found in answer to issue 26 that Eugenia Burgos did not suddenly leave the north curb, it also found, in answer to Issue 22, that she "skipped from the Montana Street north curb into the path of the automobile * * *." The jury found that this was not negligence on her part. They evidently thought that she was too young to be guilty of negligence. Under these facts and findings, we think there was lots of room for reasonable minds to think that the negligence of Julieta Rodriguez, if any, was not a proximate cause. We therefore hold, just as Judge Hickman did in the Jones case, supra, that proximate cause was not shown as a matter of law.

Appellant contends there was no evidence to support the finding of "unavoidable accident", but with this we also disagree.

Appellant contends, on page 9 of his brief, that "the disinterested witness, Nix, testified at page 7 through page 12, that a car had stopped to let the deceased cross in the cross-walk, and the defendant, Julieta Rodriguez, passed to the right of the stopped car and struck the child." He then contends that this action was in violation of the Texas statute, and, therefore, negligence per se, etc. This argument overlooks the fact that no issue on this matter was presented to the jury. In other words, there is no finding by the jury that the car was stopped in this position and, even if that could be assumed, we cannot assume that the jury would have found negligence and proximate cause in connection therewith. In fact, if we indulge in a presumption, we must indulge in favor of the court's final judgment.

Finding no error in the action of the court below, this case is affirmed.