Rex CRITTENDEN et al., Appellants

v.

Henry DOMINGUEZ, Appellee.

No. 15435.

Court of Civil Appeals of Texas.

Dallas.

May 23, 1958.

Rehearing Denied June 27, 1958.

Cober, Welch & Wright, June R. Welch, Grand Prairie, for appellants.

Leachman, Gardere, Akin & Porter, and Gordon H. Rowe, Jr., Dallas, for appellee.

YOUNG, Justice.

Suit by the Crittendens against defendant Dominguez was for damages, arising from an automobile collision occurring around 7:30 p. m. on April 4, 1956 at or near the intersection of Northeast Seventeenth Street and Oak, in the City of Grand Prairie, Texas. Upon a trial and jury findings against plaintiffs (failure of proper lookout and excessive speed) judgment was rendered in favor of defendant, followed by this appeal.

Material allegations of the parties and facts in controversy are reflected in numbered jury issues and answers thereto; in substance (1) that on the occasion and immediately prior to the collision, defendant failed to keep a proper lookout (2) which was negligence and (3) a proximate cause of the collision; (4) defendant failed to turn his automobile onto his right hand side of the street; (5) but that such *was not* negligence; (6) or a proximate cause of collision; (7) defendant *was not* operating his car on the occasion at a speed greater than was reasonable under the circumstances at said time and place; (10) defendant on the occasion failed to yield the right of way to the automobile driven by plaintiff Rex Crittenden; (11) which was negligence and (12) a proximate cause of the collision; (13) that defendant at the time was driving his car to his left of the center line of the roadway; (14) which was negligence and; (15) a proximate cause of the collision; (19) that defendant *did not fail* to give a signal indicating his intention to make a left-hand turn as he approached the place of the collision; (22) that plaintiff Crittenden, at the time and occasion in question failed to keep a proper lookout (23) which was a proximate cause of the collision; (24) said driver Crittenden *did not fail* to timely apply his brakes immediately before the collision; (27) that plaintiff Crittenden was driving his vehicle at an excessive rate of speed under the facts and circumstances of the occasion; (28) which was negligence and; (29) a proximate cause of the colli-

sion; (30) that said collision was not the result of an unavoidable accident; (31) that plaintiff *did not fail* to yield the right-of-way to the car driven by the defendant; (34) that reasonable compensation to Rex Crittenden for personal injuries sustained in the collision was $360; (35) to his wife, Winnifred Crittenden, $3,000; (36–37) to the Crittenden children, David and Carolyn, no damages.

▮ While the jury verdict as above rendered convicted defendant Dominguez of negligence proximately resulting in injuries to plaintiffs, findings were also against the latter on two counts (failure to keep a proper lookout and excessive speed) and it is with respect to these issues primarily that the points of appeal are addressed; complaining of error in that there was either no evidence or insufficient evidence to support said findings of contributory negligence. Further points assert error in the submission of other issues (24, 30 and 31) involving the acts and omissions of plaintiff Rex Crittenden on the occasion in question; such as, failure to apply brakes, to yield the right-of-way and unavoidable accident. However, all of such issues were answered in favor of appellants and need not be further noticed. "It is a well settled rule of appellate practice that errors in the proceedings below which are favorable to the complaining party may not be taken advantage of by him and afford no ground for reversal." 3–B Tex.Jur. 717. * * * "The rule stated above as to favorable errors apply to errors respecting submission of issues to the jury * * * and error in submitting a special issue may be harmless where the answer is favorable to the complaining party." 3–B Tex.Jur. 722. See also Rule 434 Texas Rules of Civil Procedure. Said last numbered issues relate to separate and distinct elements of negligence, and appellants' contention that same probably caused the jury to speculate outside the record on the issues against the plaintiff on speed and improper lookout are in nowise substantiated by the record.

Points of error asserting a lack of evidence in support of the two jury findings against appellants on contributory negligence will be considered together. According to Crittenden they were driving south on Northeast Seventeenth Street at some twenty miles per hour, time about dusk, defendant proceeding north on same street; that he, plaintiff, was in the intersection of Oak Street (both streets about eighteen feet wide) when he observed defendant's car, right in front of him, or on defendant's left hand side of the street; plaintiff only having time to apply his brakes, and pull to the right; point of impact of cars, head-on, being seventeen feet south of street intersection. (Police Officer Erb, arriving at the scene within a minute, the cars not having been moved after the collision, placed the point of impact at 4¼ feet south of intersection.)

On the other hand, defendant testified that he was driving north at some 20 miles per hour at the time, intending to turn left at Oak, head lights on and turning on left indicator light about 30 or 40 feet south of intersection, though seeing no on-coming traffic, or head lights; that Crittenden was north of the intersection when first observed by defendant who was then making his turn. Dominguez said he did not start to turn left until north of the south line of Oak Street when he saw the approaching car; he then making a "short left turn" to avoid the collision; his car being knocked back four to ten feet by force of on-coming car. Defendant estimated the speed of the other car at 30 miles per hour. Exhibit 1 shows the plaintiff's damaged car and skid marks laid down to the rear; Crittenden saying he had been told they were 35 feet in length.

▮ Appellants strenuously argue a lack of evidence on the trial from which a jury could possibly determine that appellant failed to keep a proper lookout; "not one scintilla"; likewise that the undisputed facts "did not prove excessive speed," but the testimony of Dominguez is in material

conflict with plaintiffs' version of an obviously avoidable accident; thus illustrating "the futility of ever determining the true or undisputed facts concerning the phenomena of any collision between automobiles." Liberty Film Co. v. Porter, 136 Tex. 49, 146 S.W.2d 982, 984. We must accordingly overrule the points under discussion in view of the following settled rules of decision: (1) "The testimony of a party to a suit, as was plaintiff in this case, only raises a jury issue. Simmonds v. St. Louis, B. & M. R. Co., 127 Tex. 23, 91 S.W.2d 332; Scott v. Gardner et al., 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50. There are circumstances and other direct testimony which tend to contradict plaintiff's theory that he looked the second time." Cannady v. Dallas Ry. & Term. Co., Tex.Civ.App., 219 S.W.2d 816, 818. (2) "In the absence of a conclusion of an appellate court that the jury finding is so overwhelmingly contrary to a preponderance of the evidence as to be clearly wrong and the probative evidence adduced is conflicting, it is the accepted rule that when a jury decides upon one theory of the conflict, all the testimony will be construed in the light most favorable to the verdict, and if there is competent testimony of probative value found the appellate court may not set the verdict aside and substitute its own finding for that of the jury." Goree v. Hansen, Tex.Civ.App., 214 S.W.2d 824, 825.

Judgment of the trial court is affirmed.

### On Motion for Rehearing.

■ We have again examined the record in view of appellants' position that, assuming correctness of defendant's testimony, plaintiff could not have been guilty of contributory negligence, proximately causing the collision as a matter of law. While the facts and circumstances preponderate greatly against the particular jury findings (excessive speed and failure of proper lookout) they have support in evidence of some probative value, as demonstrated by appellee in reply brief. A jury finding on proximate cause may be disregarded only when

one of two conditions exists, viz., there must be no evidence to support the finding, or the finding must be so contrary to the overwhelming preponderance of the evidence as to be clearly wrong. Volkmer v. Curlee, Tex.Civ.App.1953, 261 S.W.2d 870; 30–A Tex.Jur., p. 432, Sec. 165, 1958 Pocket Part.

Motion for rehearing overruled.