**LOWER VALLEY BUS LINES, Appellant,**

v.

**LeRoy LEWIS, Jr., Appellee.**

**No. 6273.**

Court of Civil Appeals of Texas,
El Paso.

Oct. 4, 1972.

Rehearing Denied Nov. 1, 1972.

Kemp, Smith, White, Duncan & Hammond, William Duncan, El Paso, for appellant.

Pearson & Speer, Ray Pearson, El Paso, for appellee.

OPINION

RAMSEY, Chief Justice.

This is a damage suit arising out of a collision at an uncontrolled intersection. LeRoy Lewis, Jr., Plaintiff-Appellee was awarded damages in a jury verdict against Lower Valley Bus Lines, Defendant-Appellant.

The jury's answers to the special issues submitted were that Defendant's bus driver failed to keep a proper lookout and that this was a proximate cause. It further found that when Plaintiff entered the intersection Defendant's bus was approaching in such proximity as to constitute a hazard but that Plaintiff's failure to yield the right of way to Defendant's bus was not a proximate cause of the collision. The jury

also found that Plaintiff failed to keep a proper lookout but that such failure was not a proximate cause of the collision.

At the conclusion of the evidence, Defendant moved for a directed verdict, and thereafter moved for judgment non obstante veredicto which were denied. Defendant presents eight points of error, the first six points asserting that the Defendant is entitled to judgment as a matter of law on the basis that there is no evidence to support the jury's findings as to the proximate cause issues. The last two points are insufficient evidence points predicated on the theory that the jury's findings as to proximate cause are so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. In considering these points, this Court is governed by the principles set forth in Garza et al. v. Alviar et al., 395 S.W.2d 821 (Tex. Sup.Ct.1965).

The fact issues in controversy concern the entry into the intersection of the two vehicles, and particularly, Defendant's bus. Plaintiff testified that as he approached the intersection he slowed his speed from twenty miles per hour to six or seven miles per hour. The bus was approaching from Plaintiff's right. He testified that he saw the bus stopped at some point about where a cross walk would have been. The Plaintiff testified that the bus remained stopped until he was in the intersection, then the bus started forward and the collision occurred. A disinterested witness testified for Plaintiff to the effect that she was proceeding down the same street behind the bus, and that the bus proceeded to the side of the street, stopped, and then pulled back into a lane of traffic and the collision occurred. Defendant's bus driver testified to the contrary. The driver stated that he did not stop just prior to reaching the intersection, but that he traveled down the street at approximately twenty-five miles per hour and was traveling about fifteen miles per hour at this particular intersection at the time of the collision. The driver saw the Plaintiff approaching from the left and thought the Plaintiff would stop. A passenger on the bus confirmed the driver's statement that the bus did not stop to accept or discharge passengers prior to reaching the intersection as Plaintiff and his witness testified.

The trial Court gave the well accepted definition of proximate cause. This definition is generally conceded to include at least two distinct concepts, namely, causation in fact and foreseeability. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961); Enloe et al. v. Barfield et vir, 422 S.W.2d 905 (Tex.Sup.Ct.1967). A finding of negligence, without a finding of proximate cause, is not sufficient to establish a defense. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949).

One of the more explicit discussions relating to appellate review of proximate cause issues is found in Liberty Film Lines, Inc. v. Porter et ux., 136 Tex. 49, 146 S.W. 2d 982 (1941), wherein it is stated, 146 S.W. 2d, on page 983:

"Appellate courts are without authority to set aside jury verdicts, particularly on questions of proximate cause in damage suits, upon conflicting facts— the undisputed facts must be ample and clear, and the circumstances most exceptional to justify such action. Chief Justice Hickman, while on the Eastland Court, tersely stated the principle to which I refer, in Jones v. Gibson, Tex. Civ.App., 18 S.W.2d 744, 745: 'Undoubtedly, facts might exist in a given case which would be so conclusive in their nature as to establish, as a matter of law, that a certain act of negligence was the proximate cause of an injury; but such cases are indeed rare, and an examination of the authorities will reveal but few instances in which facts have been so interpreted.'"

146 S.W.2d, on page 984, the following additional language is used:

"If different conclusions may reasonably be drawn from the particular act or

from the whole of the evidence, the question of causation is for the jury."

This case is cited with approval by Chief Justice Calvert in Enloe et al. v. Barfield et vir, supra.

In applying these rules to the facts in this case the crucial dispute in the facts is over the position of the bus when Plaintiff entered the intersection. Plaintiff said the bus was stopped and remained so until he was in the intersection. The driver testified to the contrary. The jury undoubtedly believed the version testified to by the Plaintiff and the witness who corroborated his statements. If the bus was in a stopped position when Plaintiff entered the intersection, and even though Plaintiff's proceeding without proper lookout and without the legal right of way though perhaps satisfying causation, this would not necessarily, and certainly not as a matter of law, determine the element of foreseeability.

■ We conclude that the reviewing Court cannot disregard negative findings on proximate cause if:

(a) there is any evidence to support them; or,

(b) if reasonable minds could differ as to the inferences reasonably to be drawn from the testimony.

In either event, a fact issue is presented for jury determination and such findings should remain undisturbed. J. C. Penney Co., Inc. v. Holmes, 378 S.W.2d 105 (Tex. Civ.App.) (reversed on other grounds 382 S.W.2d 472 (Tex.Sup.Ct.)), Lynch v. Ricketts et al., 158 Tex. 487, 314 S.W.2d 273 (1958); Benoit v. Wilson et al., 150 Tex. 273, 239 S.W.2d 792 (1951).

■ We overrule all of the points of error and affirm the judgment of the trial Court.